## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PARAGON OFFSHORE PLC | Case No. 16-10386 (CSS) |
| Debtor[1] | |

| | |
|---|---|
| PARAGON LITIGATION TRUST, | |
| Plaintiff, | |
| vs. | |
| NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.A R.L., NOBLE FDR HOLDINGS LIMITED, ASHLEY ALMANZA, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, AND DAVID WILLIAMS, | Adv. Proc. No.17-51882 (CSS) |
| Defendants. | |

## CORPORATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO ADVERSARY COMPLAINT

---

[1]    The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is Paragon Offshore plc (in administration) (6017).  The Debtor's mailing address is 3151 Briarpark Drive, Suite 700, Houston, Texas 77042.  Neville Barry Kahn and David Philip Soden, each of Deloitte LLP, are the joint administrators of Paragon Offshore plc (in administration) (the "Joint Administrators").  The affairs, business and property of Paragon Offshore plc (in administration) are managed by the Joint Administrators.

Defendants Noble Corporation plc ("Noble"), Noble Corporation Holdings Ltd. ("Noble Holdings Cayman"), Noble Corporation ("Noble Cayman"), Noble Holding International (Luxembourg) S.à r.l ("NHIL 1"), Noble Holding International (Luxembourg NHIL) S.à r.l ("NHIL 2"), Noble FDR Holdings Limited ("FDR," and together with Noble, Noble Holdings Cayman, Noble Cayman, NHIL 1, and NHIL 2, the "Corporate Defendants") assert the following answers and affirmative defenses to the adversary complaint dated December 15, 2017 (the "Complaint"), upon knowledge with respect to themselves and their own acts and upon information and belief with respect to all other matters.

## STATEMENT PURSUANT TO LOCAL RULE 7012-1

In submitting this Answer and Affirmative Defenses to Adversary Complaint, Corporate Defendants do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

1.      Deny the allegations in Paragraph 1, except admit that Noble completed a Spin-Off of Paragon as an independent company in August 2014, as described in the Form 10 issued in connection with the transaction, to which the Court is respectfully referred for additional information concerning the transaction's form and structure.

2.      Deny the allegations in Paragraph 2, except admit that Paragon filed for bankruptcy on February 14, 2016, and respectfully refer the Court to the publicly reported prices of Paragon securities.

3.      Deny the allegations in Paragraph 3, except admit that this action is brought by the Paragon Litigation Trust, and respectfully refer the Court to the Litigation Trust Agreement for its full and complete contents.

4.      Deny the allegations in Paragraph 4, except admit that Petrobras and Pemex accounted for more than 55% of Paragon's contract backlog at the time of the Spin-Off, as described in Exhibit 99.1 attached to the Form 8-K that Paragon filed with the U.S. Securities and Exchange Commission on September 9, 2014, to which the Court is respectfully referred for additional information concerning Paragon's contract backlog.

5.      Deny the allegations in the first sentence and third sentence of Paragraph 5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 5.

6.      Deny the allegations in the third sentence of Paragraph 6, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remainder of Paragraph 6.

7.      Deny the allegations in Paragraph 7, except admit that Noble maintained an internal forecasting model, and respectfully refer the Court to that model for its full and complete contents.

8.      Deny the allegations in Paragraph 8, and respectfully refer the Court to the quoted document for its full and complete contents.

9.      Deny the allegations in Paragraph 9, except admit that Noble's Board of Directors retained Houlihan Lokey, and respectfully refer the Court to the Houlihan engagement letter for a description of the complete scope of the engagement.    Corporate Defendants further respectfully refer the Court to the model referenced in this paragraph, the projections that were provided to Houlihan, and Houlihan's engagement letter for their full and complete contents.

10.      Deny the allegations in Paragraph 10, except admit that Houlihan issued an opinion to Noble's Board of Directors dated July 11, 2014 (the "Houlihan Opinion"), and respectfully refer the Court to the Houlihan Opinion, Houlihan's presentation to Noble's Board of Directors, and the model referenced in this paragraph for their full and complete contents.

11.      Deny the allegations in Paragraph 11, and respectfully refer the Court to the model referenced in this paragraph for its full and complete contents.

12.      Deny the allegations in Paragraph 12, except respectfully refer the Court to the Houlihan Opinion, Houlihan's presentation to Noble's Board of Directors, and the model referenced in this paragraph for their full and complete contents.

13.      Deny the allegations in Paragraph 13.

14.      The allegations in Paragraph 14 are conclusions of law to which no response is required.  The allegations contain characterizations of provisions of law, the full and complete provisions of which speak for themselves and to which the Court is respectfully referred.

15.      The allegations in Paragraph 15 are conclusions of law to which no response is required.  The allegations contain characterizations of provisions of law, the full and complete

provisions of which speak for themselves and to which the Court is respectfully referred.  To the extent a response is necessary, deny that the Court has authority to enter final orders or judgments on any of the claims.  By answering, the Corporate Defendants are not agreeing to confer such authority on the Court.

16.    No response is required.  To the extent a response is required, the Corporate Defendants incorporate by reference their Statement Pursuant to Local Rule 7012-1.

17.    Admit the allegations in the first sentence and the second sentence of Paragraph 17.  In response to the allegations in the third sentence of Paragraph 17, Corporate Defendants respectfully refer the Court to the Plan for its full and complete contents.  The allegations in the third sentence and the fourth sentence of Paragraph 17 are conclusions of law to which no response is required.

18.    Admit the allegations in the first sentence and the second sentence of Paragraph 18.  Deny the allegations in the third sentence of Paragraph 18.  The allegations in the fourth sentence of Paragraph 18 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the fourth sentence of Paragraph 18, deny the allegations.

19.    Admit the allegations in the first sentence of Paragraph 19.  Deny the allegations in the second sentence of Paragraph 19, except admit that Noble Holdings Cayman is a subsidiary of Noble.  The allegations in the third sentence of Paragraph 19 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 19, deny the allegations.

20.     Admit the allegations in the first sentence of Paragraph 20.  Deny the allegations in the second sentence of Paragraph 20, except admit that Noble Cayman is a subsidiary of Noble Holdings Cayman.  The allegations in the third sentence of Paragraph 20 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 20, deny the allegations.

21.     Admit the allegations in the first sentence and the second sentence of Paragraph 21.  Deny the allegations in the third sentence of Paragraph 21, except admit that NHIL 1 is a subsidiary of Noble Cayman.  The allegations in the fourth sentence of Paragraph 21 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the fourth sentence of Paragraph 21, deny the allegations.

22.     Admit the allegations in the first sentence and the second sentence of Paragraph 22.  Deny the allegations in the third sentence of Paragraph 22, except admit that NHIL 2 is a subsidiary of Noble Cayman.  The allegations in the fourth sentence of Paragraph 22 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the fourth sentence of Paragraph 22, deny the allegations.

23.     Admit the first sentence and the second sentence of Paragraph 23.  Deny the allegations in the third sentence of Paragraph 23, except admit that FDR is a subsidiary of Noble Cayman.  The allegations in the fourth sentence of Paragraph 23 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the fourth sentence of Paragraph 23, deny the allegations.

24.     Admit that Mr. Almanza has been a member of Noble's Board of Directors since April 26, 2013.  Admit the allegations in the second sentence of Paragraph 24.  The allegations in the third sentence of Paragraph 24 are conclusions of law to which no response is required. Insofar as there are facts alleged in the third sentence of Paragraph 24, deny the allegations.

25.     Deny the allegations in the first sentence of Paragraph 25.  Admit the allegations in the second sentence of Paragraph 25.  The allegations in the third sentence of Paragraph 25 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 25, deny the allegations.

26.     Deny the allegations in the first sentence of Paragraph 26, except admit that Lawrence J. Chazen was a member of Noble's Board of Directors from approximately 1994 until June 10, 2014.  Admit the allegations in the second sentence of Paragraph 26.  The allegations in the third sentence of Paragraph 26 are conclusions of law to which no response is required. Insofar as there are facts alleged in the third sentence of Paragraph 26, deny the allegations.

27.     Admit the allegations in the first sentence and the second sentence of Paragraph 27.  The allegations in the third sentence of Paragraph 27 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 27, deny the allegations.

28.     Admit the allegations in the first sentence and the second sentence of Paragraph 28.  The allegations in the third sentence of Paragraph 28 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 28, deny the allegations.

29.    Admit the allegations in the first sentence and the second sentence of Paragraph 29. The allegations in the third sentence of Paragraph 29 are conclusions of law to which no response is required. Insofar as there are facts alleged in the third sentence of Paragraph 29, deny the allegations.

30.    Deny the allegations in the first sentence of Paragraph 30, except admit that James A. MacLennan served as Noble's Chief Financial Officer from January 9, 2012, until February 26, 2016. Deny the allegations in the second sentence of Paragraph 30, except admit that James A. MacLennan served as the sole member of Paragon's Board of Directors from Paragon's formation until July 16, 2014. Deny the third sentence of Paragraph 30. The allegations in the fourth sentence of Paragraph 30 are conclusions of law to which no response is required. Insofar as there are facts alleged in the fourth sentence of Paragraph 30, deny the allegations.

31.    Admit the allegations in the first sentence and the second sentence of Paragraph 31. The allegations in the third sentence of Paragraph 31 are conclusions of law to which no response is required. Insofar as there are facts alleged in the third sentence of Paragraph 31, deny the allegations.

32.    Deny the allegations in the first sentence and the second sentence of Paragraph 32, except admit that Julie J. Robertson served as a member of Paragon's Board of Directors from the Spin-Off until September 21, 2015, and served as Noble's Executive Vice President from February 10, 2006, until January 2018. The allegations in the third sentence of Paragraph 32 are conclusions of law to which no response is required. Insofar as there are facts alleged in the third sentence of Paragraph 32, deny the allegations.

33.     Deny the allegations in the first sentence and the second sentence of Paragraph 33, except admit that David W. Williams served as Noble's Chairman, President, and Chief Executive Officer from January 3, 2008, until January 2018.  Deny the allegations in the third sentence of Paragraph 33, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding David W. Williams' active voter registration and active driver's license.  Deny the allegations in the fourth sentence of Paragraph 33, except admit that David W. Williams conducted certain business for Noble including in the United States.  The allegations in the fifth sentence of Paragraph 33 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the fifth sentence of Paragraph 33, deny the allegations.

34.     Deny the allegations in Paragraph 34, except respectfully refer the Court to the Form 10 issued in connection with the transaction for a complete and accurate description of standard specification rigs and high specification rigs.

35.     Admit the allegations in the first sentence of Paragraph 35.  Deny the allegations in the second sentence and the third sentence of Paragraph 35, and respectfully refer the Court to the Form 10-K that Noble filed with the U.S. Securities and Exchange Commission on February 23, 2013, for a complete description of Noble's business strategy and fleet composition.

36.     Deny the allegations in Paragraph 36, and respectfully refer the Court to the Form 10-K that Noble filed with the U.S. Securities and Exchange Commission on February 23, 2013, for a complete description of the industry and market conditions.

37.     Deny the allegations in Paragraph 37, except admit that Noble's management had certain communications with its Board in 2012, and respectfully refer the Court to the quoted document for its full and complete contents.

38.     Deny the allegations in Paragraph 38, except respectfully refer the Court to the quoted documents for their full and complete contents.

39.     Deny the allegations in the first sentence, the second sentence, the third sentence, and the fourth sentence of Paragraph 39, except admit that Noble attempted to sell 21 standard specification jackup rigs, Noble received an $815 million bid, and Noble did not sell the rigs at that time.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations related to lenders' actions or decisions and Castle Harlan's acquisition of assets from Transocean Ltd. in the fifth sentence and the sixth sentence of Paragraph 39, and respectfully refer the Court to the quoted documents for their full and complete contents.

40.     Deny the allegations in Paragraph 40, except admit that Noble pursued a strategy to spin off most of its standard specification rigs into a new, separately traded and managed company and the formal name of the project was "Project Shark."

41.     Deny the allegations in Paragraph 41, except admit that Noble began exploring strategic alternatives in 2012 with consultation from outside advisors, and respectfully refer the Court to the quoted documents for their full and complete contents.

42.     Deny the allegations in Paragraph 42, and respectfully refer the Court to the quoted document for its full and complete contents.

43.    Deny the allegations in Paragraph 43, and respectfully refer the Court to the quoted document for its full and complete contents.

44.    Deny the allegations in Paragraph 44, except admit that Noble at one time contemplated an initial public offering of the new company, and respectfully refer the Court to the quoted document for its full and complete contents and to the Form S-1 filed on behalf of Noble Spinco Limited with the U.S. Securities and Exchange Commission on December 20, 2013, for additional information regarding this transaction.

45.    Deny the allegations in Paragraph 45, except admit that Noble worked on a potential initial public offering in the latter part of 2013 and early 2014, and respectfully refer the Court to the quoted document for its full and complete contents and to the publicly reported prices of Noble securities.

46.    Deny the allegations in Paragraph 46, except admit that Noble decided against proceeding with an initial public offering in April 2014, and respectfully refer the Court to the quoted document for its full and complete contents.

47.    Deny the allegations in Paragraph 47, and respectfully refer the Court to the quoted documents for their full and complete contents.

48.    Deny the allegations in Paragraph 48.

49.    Deny the allegations in Paragraph 49, except admit that Petrobras was a customer and contract counterparty for Noble's standard specification business, and respectfully refer the Court to the relevant report of Noble's contract backlog for its full and complete contents.

50.     Deny the allegations in Paragraph 50, and further respond by respectfully referring the Court to the quoted document for its full and complete contents.

51.     Deny the allegations in Paragraph 51.

52.     Deny the allegations in Paragraph 52, except admit that the government of Brazil initiated an investigation into Petrobras and respectfully refer the Court to the quoted documents for their full and complete contents.

53.     Deny the allegations in Paragraph 53, except admit that Noble believed that the *Noble Leo Segerius* and *Noble Roger Eason* contracts were required to be extended.

54.     Deny the allegations in Paragraph 54, and respectfully refer the Court to the forecasts referenced in this paragraph for their full and complete contents.

55.     Deny the allegations in the first sentence of Paragraph 55.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 55.

56.     Deny the allegations in Paragraph 56, except admit that, as of March 31, 2014, Petrobras represented about 18% of the pro forma contract drilling backlog for 2014 that would belong to Paragon.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 57, except respectfully refer the Court to any notices that Pemex provided to government regulators for their full and complete contents.  Deny the allegations in the second and third sentences of Paragraph 57, except admit that Barclays

prepared a "Pemex Case" analysis and respectfully refer the Court to that analysis for its full and complete contents.  Deny the allegations in the fourth and fifth sentences of Paragraph 57, except admit that Barclays prepared a Mexican jackup sales analysis, and respectfully refer the Court to that analysis for its full and complete contents.

58.     Deny the allegations in Paragraph 58, except admit that Pemex was Noble's sole customer in Mexico during December 2013, and respectfully refer the Court to the quoted documents for their full and complete contents.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     Deny the allegations in Paragraph 60, except admit that Paragon had publicly disclosed that these three assets were cold-stacked, and respectfully refer the Court to the referenced documents for their full and complete contents.

61.     Admit that these three assets became part of the Paragon fleet and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 61.  Deny the remaining allegations in Paragraph 61.

62.     Deny the allegations in Paragraph 62.

63.     Deny the allegations in Paragraph 63, and respectfully refer the Court to the quoted document for its full and complete contents.

64.     Deny the allegations in Paragraph 64, except admit that Noble decided against proceeding with the initial public offering in April 2014, and respectfully refer the Court to the quoted documents for their full and complete contents.

65.     Deny the allegations in Paragraph 65.

66.     Deny the allegations in Paragraph 66, and respectfully refer the Court to the quoted documents for their full and complete contents.

67.     Deny the allegations in Paragraph 67, and respectfully refer the Court to the quoted documents for their full and complete contents.

68.     Deny the allegations in Paragraph 68, and respectfully refer the Court to the quoted documents for their full and complete contents.

69.     Deny the allegations in Paragraph 69, and respectfully refer the Court to the quoted document for its full and complete contents.

70.     Deny the allegations in the first sentence of Paragraph 70.  Deny the allegations in the second sentence of Paragraph 70, except respectfully refer the Court to any notices that Pemex provided to government regulators for their full and complete contents.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 70.

71.     Deny the allegations in Paragraph 71, and respectfully refer the Court to the quoted document for its full and complete contents.

72.     Deny the allegations in the first sentence and the second sentence of Paragraph 72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 72.

73.     Deny the allegations in the first sentence of Paragraph 73, and, in response to the remaining allegations of Paragraph 73, respectfully refer the Court to the quoted documents for their full and complete contents.

74.     Deny the allegations in Paragraph 74, and respectfully refer the Court to the quoted documents for their full and complete contents.

75.     Deny the allegations in Paragraph 75, except admit that Noble provided certain information to KPMG that referred to the "useful life" of certain rigs and respectfully refer the Court to the quoted documents for their full and complete contents.

76.     Deny the allegations in Paragraph 76, and respectfully refer the Court to the quoted documents for their full and complete contents.

77.     Deny the allegations in Paragraph 77.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     Deny the allegations in Paragraph 79, and respectfully refer the Court to the quoted documents for their full and complete contents.

80.     Deny the allegations in Paragraph 80, and respectfully refer the Court to the quoted document for its full and complete contents.

81.     Deny the allegations in Paragraph 81, and respectfully refer the Court to the quoted document for its full and complete contents

82.     Deny the allegations in Paragraph 82, except admit that Randall Stilley was hired in February 2014 to serve as Paragon's Chief Executive Officer, and respectfully refer the Court to Paragon's public filings for a complete description of its management.

83.     Deny the allegations in Paragraph 83, and respectfully refer the Court to the quoted document for its full and complete contents.

84.     Deny the allegations in Paragraph 84, and respectfully refer the Court to the quoted document for its full and complete contents.

85.     Deny the allegations in Paragraph 85, and respectfully refer the Court to the quoted documents for their full and complete contents.

86.     Deny the allegations in Paragraph 86, and respectfully refer the Court to the quoted document for its full and complete contents.

87.     Deny the allegations in Paragraph 87, and respectfully refer the Court to the referenced document for its full and complete contents.

88.     Deny the allegations in Paragraph 88, except admit that Noble completed a Spin-Off of Paragon as an independent company in August 2014, as described in Form 10 issued in

connection with the transaction, to which the Court is respectfully referred for additional information concerning the transaction's form and structure, and that Houlihan issued an opinion to Noble's Board of Directors, and respectfully refer the Court to the Houlihan Opinion for its full and complete contents.

89.     Deny the allegations in Paragraph 89, except admit that on April 1, 2013 Noble's Board of Directors engaged Houlihan, and respectfully refer the Court to the Houlihan engagement letter for its full and complete contents.

90.     Deny the allegations in Paragraph 90, except admit that Houlihan issued an opinion to Noble's Board of Directors, and respectfully refer the Court to the Houlihan Opinion for its full and complete contents.

91.     Deny the allegations in Paragraph 91, except admit that Houlihan issued an opinion to Noble's Board of Directors, and respectfully refer the Court to the Houlihan Opinion for its full and complete contents.

92.     Deny the allegations in Paragraph 92.

93.     Deny the allegations in Paragraph 93, except admit that Noble maintained an internal forecasting model, and respectfully refer the Court to the forecasts referenced in this paragraph for their full and complete contents.

94.     Admit that Noble did not provide the full internal forecasting model referred to as the "Master Model" to Houlihan.  Deny the remaining allegations in Paragraph 94.

95.     Deny the allegations in Paragraph 95, except admit that Houlihan issued an opinion and report to Noble's Board of Directors, and respectfully refer the Court to the Houlihan Opinion and Houlihan's presentation to Noble's Board of Directors for their full and complete contents.

96.     Admit the allegations in the first sentence of Paragraph 96.  Deny the allegations in the second and third sentence of Paragraph 96, except refer the Court to the quoted document for its full and complete contents.

97.     Deny the allegations in Paragraph 97, and respectfully refer the Court to the document referenced in this paragraph for its full and complete contents.

98.     Deny the allegations in Paragraph 98, and respectfully refer the Court to the document referenced in this paragraph for its full and complete contents.

99.     Deny the allegations in Paragraph 99, and respectfully refer the Court to the document referenced in this paragraph, the Senior Secured Term Loan Agreement dated as of July 18, 2014, and the Senior Notes Indenture dated as of July 18, 2014, for their full and complete contents.

100.    Deny the allegations in Paragraph 100, and respectfully refer the Court to the document referenced in this paragraph for its full and complete contents.

101.    Deny the allegations in Paragraph 101.

102.    Deny the allegations in Paragraph 102, and respectfully refer the Court to the quoted document for its full and complete contents.

18

103.    Deny the allegations in Paragraph 103, except admit that the *Noble Muravlenko*, *Noble Lorris Bouzigard*, and *Noble Seillean* were cold stacked at the time of the Spin-Off, and respectfully refer the Court to the quoted document for its full and complete contents.

104.    Deny the allegations in Paragraph 104, and respectfully refer the Court to the quoted document for its full and complete contents.

105.    Deny the allegations in Paragraph 105, and respectfully refer the Court to the referenced documents for their full and complete contents.

106.    Deny the allegations in Paragraph 106.

107.    Deny the allegations in Paragraph 107.

108.    Deny the allegations in Paragraph 108.

109.    Deny the allegations in Paragraph 109, except admit that (1) the Spin-Off was accomplished through a series of steps, including a pro rata distribution by Noble of all of the ordinary shares of Paragon to Noble's shareholders, (2) certain subsidiaries of Noble received $1.71 billion in cash as settlement of intercompany notes issued in their favor, and (3) Paragon or its subsidiaries issued and incurred $1.73 billion in new debt, consisting of $650 million in secured term loans and $1.08 billion in senior unsecured notes, to finance the repayment of the intercompany notes.  Corporate Defendants further respond that these allegations omit material elements of Paragon's assets and capitalization.

110.    Deny the allegations in Paragraph 110, except admit that (1) the assets and liabilities that Paragon acquired in connection with the Spin-Off consisted of most of Noble's

standard specification drilling units and related assets, liabilities, and business; (2) Paragon's fleet consisted of five drillships, three semisubmersibles, thirty-four jackups, and one floating production storage and offloading unit; (3) Paragon was also responsible for the Hibernia platform operations offshore Canada; and (4) certain subsidiaries of Noble received approximately $1.7 billion in cash as settlement of intercompany notes as consideration for the business contributed to Paragon.  Corporate Defendants further respond that these allegations omit material elements of Paragon's assets and capitalization.

111.    Deny the allegations in Paragraph 111, except admit that Noble hired Baker Botts LLP to prepare the referenced agreements, and respectfully refer the Court to the referenced agreements for their full and complete contents.

112.    Deny the allegations in Paragraph 112, and respectfully refer the Court to the referenced documents for their full and complete contents.

113.    Admit the allegations in Paragraph 113.

114.    Admit that Paragon currently has its principal place of business in Houston, Texas.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and the third sentence of Paragraph 114, and respectfully refer the Court to the referenced testimony for its full and complete contents.

115.    Deny the allegations in Paragraph 115, except admit that Paragon securities began trading on August 4, 2014, at $11.21 per share, and respectfully refer the Court to the publicly reported prices of Paragon securities.

116.    Deny the allegations in Paragraph 116, and respectfully refer the Court to the referenced documents for their full and complete contents.

117.    Deny the allegations in Paragraph 117, and respectfully refer the Court to the quoted document for its full and complete contents.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and the second sentence of Paragraph 118, and respectfully refer the Court to the quoted document for its full and complete contents.  Deny the allegations in the third sentence of Paragraph 118, and respectfully refer the Court to the publicly reported prices of Paragon securities.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 119, and respectfully refer the Court to the quoted document for its full and complete contents.  Deny the allegations in the second sentence of Paragraph 119, and respectfully refer the Court to the quoted document for its full and complete contents.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, except admit that Paragon announced that it had taken a $929 non-cash impairment charge related to three drillships in Brazil and the FPSO in the U.S. Gulf of Mexico, and respectfully refer the Court to Paragon's public disclosures for their full and complete contents.

121.    Deny the allegations in Paragraph 121.

122.    Deny the allegations in Paragraph 122, except refer the Court to the underlying written communications with Mr. Stilley on these issues for their full and accurate description.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, except respectfully refer the Court to any notices that Pemex provided to government regulators for their full and complete contents.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, except admit that crude oil prices plummeted after the Spin-Off, and respectfully refer the Court to the relevant publicly reported prices of crude oil.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, except admit that Paragon acquired Prospector Offshore Drilling.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Paragon's actual results after the Spin-Off.  Deny the remaining allegations in Paragraph 127, and respectfully refer the Court to the projections provided to Houlihan for their full and complete contents.

128.    Deny the allegations in Paragraph 128, and respectfully refer the Court to the quoted document for its full and complete contents.

129.    Admit the allegations in Paragraph 129.

130.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

131.    Deny the allegations in Paragraph 131, except admit that Paragon and its subsidiaries were wholly owned subsidiaries of Noble before the Spin-Off.

132.    The allegations in Paragraph 132 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 132, deny the allegations in Paragraph 132.

133.    Admit the allegations in Paragraph 133.

134.    Deny the allegations in Paragraph 134.

135.    The allegations in Paragraph 135 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 135, deny the allegations in Paragraph 135.

136.    The allegations in Paragraph 136 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 136, deny the allegations in Paragraph 136.

137.    The allegations in Paragraph 137 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 137, deny the allegations.

138.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

139.    Deny the allegations in Paragraph 139, except admit that Paragon and its subsidiaries were wholly owned subsidiaries of Noble before the Spin-Off.

140.    The allegations in Paragraph 140 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 140, deny the allegations in Paragraph 140.

141.    Admit the allegations in Paragraph 141.

142.    Deny the allegations in Paragraph 142.

143.    The allegations in Paragraph 143 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 143, deny the allegations in Paragraph 143.

144.    The allegations in Paragraph 144 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 144, deny the allegations in Paragraph 144.

145.    The allegations in Paragraph 145 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 145, deny the allegations.

146.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

147.    Deny the allegations in Paragraph 147, except admit that Paragon and its subsidiaries were wholly owned subsidiaries of Noble before the Spin-Off.

148.    The allegations in Paragraph 148 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 148, deny the allegations in Paragraph 148.

149.    Admit the allegations in Paragraph 149.

150.    Deny the allegations in Paragraph 150.

151.    Deny the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 152, deny the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 153, deny the allegations in Paragraph 153.

154.    The allegations in Paragraph 154 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 154, deny the allegations.

155.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

156.    Deny the allegations in Paragraph 156, except admit that Paragon and its subsidiaries were wholly owned subsidiaries of Noble before the Spin-Off.

157.    The allegations in Paragraph 157 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 157, deny the allegations in Paragraph 157.

158.    Admit the allegations in Paragraph 158.

159.    Deny the allegations in Paragraph 159.

160.    Deny the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 161, deny the allegations in Paragraph 161.

162.    The allegations in Paragraph 162 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 162, deny the allegations in Paragraph 162.

163.    The allegations in Paragraph 163 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 163, deny the allegations.

164.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

165.    Deny the allegations in Paragraph 165, except admit that Paragon and its subsidiaries were wholly owned subsidiaries of Noble before the Spin-Off.

166.    The allegations in Paragraph 166 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 166, deny the allegations in Paragraph 166.

167.    Deny the allegations in Paragraph 167, except admit that Paragon Finance was a wholly owned subsidiary of Paragon before the Spin-Off.

168.    Deny the allegations in Paragraph 168.

169.    Deny the allegations in Paragraph 169.

170.    Deny the allegations in Paragraph 170, and respectfully refer the Court to the notes for a full and complete statement of their contents.

171.    Deny the allegations in Paragraph 171.

172.    Deny the allegations in Paragraph 172.

173.    Deny the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 174, deny the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 175, deny the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 176, deny the allegations in Paragraph 176.

177.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

178.    Because the allegations in Paragraph 178 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration, no response is required.

179.    Because the allegations in Paragraph 179 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration, no response is required.

180.    Because the allegations in Paragraph 180 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration, no response is required.

181.    Because the allegations in Paragraph 181 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration, no response is required.

182.    Because the allegations in Paragraph 182 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration, no response is required.

183.    Because the allegations in Paragraph 183 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration, no response is required.

184.    Because the allegations in Paragraph 184 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration, no response is required.

185.    Because the allegations in Paragraph 185 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration, no response is required.

186.    Because the allegations in Paragraph 186 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration, no response is required.

187.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

188.    Because the allegations in Paragraph 188 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration or to dismiss, no response is required.

189.    Because the allegations in Paragraph 189 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration or to dismiss, no response is required.

190.    Because the allegations in Paragraph 190 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration or to dismiss, no response is required.

191.    Because the allegations in Paragraph 191 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration or to dismiss, no response is required.

192.    Because the allegations in Paragraph 192 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration or to dismiss, no response is required.

193.    Because the allegations in Paragraph 193 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration or to dismiss, no response is required.

194.    Because the allegations in Paragraph 194 are not directed at Corporate Defendants and are directed at defendants who have moved to compel arbitration or to dismiss, no response is required.

195.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

196.    Because Corporate Defendants have moved to compel arbitration on this count and because the allegations in Paragraph 196 are conclusions of law, no response is required.  To the extent that a response is required, and insofar as there are facts alleged in Paragraph 196, deny the allegations in Paragraph 196.

197.    Because Corporate Defendants have moved to compel arbitration on this count and because the allegations in Paragraph 197 are conclusions of law, no response is required.  To the extent that a response is required, and insofar as there are facts alleged in Paragraph 197, deny the allegations in Paragraph 197.

198.    Because Corporate Defendants have moved to compel arbitration on this count and because the allegations in Paragraph 198 are conclusions of law, no response is required.  To the extent that a response is required, and insofar as there are facts alleged in Paragraph 198, deny the allegations in Paragraph 198.

199.    Because Corporate Defendants have moved to compel arbitration on this count and because the allegations in Paragraph 199 are conclusions of law, no response is required.  To the extent that a response is required, and insofar as there are facts alleged in Paragraph 199, deny the allegations in Paragraph 199.

## **GENERAL DENIAL**

Corporate Defendants deny each and every allegation, statement and matter not expressly admitted or qualified herein. Any allegations made in the headings contained in the Complaint are denied. The prayer for relief is denied.

## **AFFIRMATIVE AND OTHER DEFENSES**

Without undertaking any burden of proof not otherwise assigned to them by law, Corporate Defendants assert the following affirmative and other defenses with respect to the claims for relief Plaintiff purports to assert in the Complaint:

## **FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

31

## SECOND DEFENSE

Plaintiff lacks standing to bring some or all of its claims.

## THIRD DEFENSE

Plaintiff's claims that are subject to the arbitration and dispute resolution procedures set forth in Article V of the Master Separation Agreement are barred because Plaintiff failed to comply with those procedures.

## FOURTH DEFENSE

As a separate affirmative defense to the Complaint, and to each purported claim for relief thereof, Corporate Defendants submit that the purported claims for relief against Corporate Defendants are barred, in whole or in part, because Corporate Defendants provided and Paragon received reasonably equivalent value given in good faith in exchange for the alleged transfers in the Complaint.  Accordingly, the alleged transfers described in the Complaint are neither avoidable nor recoverable and the Complaint and the claims for relief asserted therein should be dismissed.

## FIFTH DEFENSE

Any payments Corporate Defendants received were for fair consideration and value, and each challenged transfer was made for fair consideration and value.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the stated transfers satisfied an antecedent debt for which Plaintiff is not entitled to avoid and recover.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Corporate Defendants took any property transferred in good faith and for value, and Defendants may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that Corporate Defendants gave value to the Debtors in exchange for the transfers.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or part, because Defendants took for value, in good faith, and without knowledge of the voidability of the transfers.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged transfers were settlement payments that are not avoidable pursuant to the safe harbor provision of 11 U.S.C. § 546(e).

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged transfers were made in connection with a securities, commodity or forward contract that are not avoidable pursuant to the safe harbor provision of 11 U.S.C. § 546(e).

## ELEVENTH DEFENSE

Plaintiff's damages, if any, were not proximately caused by Corporate Defendants.

## TWELFTH DEFENSE

The relief requested in Plaintiff's claims cannot exceed the claims that were timely filed and allowed in the Debtors' bankruptcy proceeding, *In re Paragon Offshore PLC, et al*, U.S.B.C. D. Del., Case No. 16-10386 (CSS), and not procured by the actions of Plaintiff or its counsel.

## THIRTEENTH DEFENSE

In the event Corporate Defendants have any liability to Plaintiff, which is denied, damages, if any, are subject to reduction by Corporate Defendants' rights of set-off.

## FOURTEENTH DEFENSE

In the event Corporate Defendants have any liability to Plaintiff, which is denied, damages, if any, are subject to reduction by the doctrine of recoupment.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any recovery by Plaintiff from Corporate Defendants would constitute an unlawful double recovery or unjust enrichment.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Paragon Debtors' discharge in bankruptcy.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

34

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of in pari delicto.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of law of the case.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## RESERVATION OF RIGHTS

Corporate Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to them, and therefore expressly reserve the right to (1) amend or supplement their Answer, defenses, affirmative defenses and all other pleadings, and (2) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate.

## PRAYER FOR RELIEF

Wherefore, the Corporate Defendants respectfully request that the claims against them be dismissed together with such other relief as the Court deems proper and just.

Dated:  February 15, 2018        Respectfully Submitted,

Wilmington, Delaware


SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Anthony W. Clark*
Anthony W. Clark (ID: 2051)
Stephen J. Della Penna (ID: 6103)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone:  (302) 651-3000
Facsimile:  (302) 651-3001

- and -

George A. Zimmerman *(admitted pro hac vice)*
Lauren E. Aguiar *(admitted pro hac vice)*
Four Times Square
New York, New York 10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

- and –

Wallis M. Hampton *(admitted pro hac vice)*
1000 Louisiana Street, Suite 6800
Houston, Texas 77002-5026
Telephone:  (713) 655-5116
Facsimile:  (713) 483-9116

*Counsel for Noble Corporation plc*