# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>PARAGON OFFSHORE PLC,<br><br>　　　　　　Debtor.[1] | Chapter 11<br><br>Case No. 16-10386 (CSS) |
| PARAGON LITIGATION TRUST,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.A R.L., NOBLE FDR HOLDINGS LIMITED, ASHLEY ALMANZA, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, AND DAVID WILLIAMS,<br><br>　　　　　　Defendants. | Adv. Proc. No.17-51882 (CSS) |

**DECLARATION OF STEPHEN J. DELLA PENNA IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT IN <u>FAVOR OF ARBITRATION AND TO STAY THE PROCEEDINGS</u>**

I, Stephen J. Della Penna, declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746,

that the following is true and correct to the best of my knowledge:

---

[1] The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is Paragon Offshore plc (in administration) (6017). The Debtor's mailing address is 3151 Briarpark Drive, Suite 700, Houston, Texas 77042. Neville Barry Kahn and David Philip Soden, each of Deloitte LLP, are the joint administrators of Paragon Offshore plc (in administration) (the "Joint Administrators"). The affairs, business and property of Paragon Offshore plc (in administration) are managed by the Joint Administrators.

1.  I am an attorney at law duly admitted to the practice of law in the State of Delaware and am an associate at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps") with an office located at One Rodney Square, Wilmington, Delaware 19899-0636.  Skadden Arps is counsel to the Defendants in the above-captioned matter.

2.  I respectfully submit this Declaration in support of the Defendants' Reply in Support of Their Motion to Dismiss the Complaint in Favor of Arbitration and to Stay the Proceedings and to submit true and correct copies of the exhibits attached hereto.

3.  Attached hereto as Exhibits A is *MF Global Holdings Ltd. v. Allied World Assurance Co. (In re MF Global Holdings Ltd.)*, Chapter 11 Case No. 11-15059 (MG), Adv. Proc. No. 16-01251 (MG) (Bankr. S.D.N.Y. Sept. 6, 2017), ECF No. 202.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Dated: Wilmington, Delaware
May 1, 2018

*/s/ Stephen J. Della Penna*
Stephen J. Della Penna

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re:<br><br>    MF GLOBAL HOLDINGS LTD., *et al.*,<br><br>                                   Debtors. | X<br>:<br>:<br>:<br>:<br>X | Chapter 11<br>Case No. 11-15059 (MG)<br>(Jointly Administered) |
| MF GLOBAL HOLDINGS LTD., as Plan<br>Administrator, and MF GLOBAL ASSIGNED<br>ASSETS LLC,<br><br>                                   Plaintiffs,<br><br>        v.<br><br>ALLIED WORLD ASSURANCE COMPANY LTD.,<br>IRON-STARR EXCESS AGENCY LTD.,<br>IRONSHORE INSURANCE LTD., STARR<br>INSURANCE & REINSURANCE LTD., and<br>FEDERAL INSURANCE CO.,<br><br>                                   Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | Adv. Proc. No. 16-01251 (MG) |

**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION BUT
DENYING REQUEST TO MODIFY PRIOR DECISION OR TO STAY
<u>ARBITRATION IN BERMUDA</u>**

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

       On August 24, 2017, this Court issued its *Memorandum Opinion and Order Granting Allied World's Motion to Compel Arbitration* ("Opinion and Order," ECF Doc. # 200). The Court granted defendant Allied World Assurance Company Ltd.'s ("Allied World") motion to compel arbitration of the insurance coverage dispute with Plaintiffs in Bermuda. On August 31, 2017, the Plaintiffs moved for reconsideration of the Opinion and Order and for a stay of arbitration. (ECF Doc. # 201.) The basis for the request for reconsideration is that the Court's Opinion and Order did not address the Plaintiffs' argument that the provision in the confirmed

MF Global Chapter Plan retaining jurisdiction of adversary proceedings superseded the arbitration provision in the applicable insurance contract, therefore permitting this Court rather than arbitrators in Bermuda to adjudicate the insurance coverage disputes.

The Court's Opinion and Order concluded that pursuant to the arbitration clause in the AWAC E&O Policy, and the facts and circumstances of this case, arbitration of this dispute in Bermuda is appropriate. While the Plaintiffs' argument that the MF Global Chapter 11 Plan superseded the contractual arbitration provision is mentioned in the Opinion and Order (*see Opinion and Order* at 13), the Court did not address the merits of the argument. The Court now grants the motion for reconsideration, addresses the argument, but reaches the same result—namely, the motion to compel arbitration in Bermuda is **GRANTED.** The Motion to stay the arbitration is **DENIED.**

The principal authority on which Plaintiffs rely is *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753 (7th Cir. 2002). Plaintiffs acknowledge that the Second Circuit has not ruled on the issue they raise; nor do they cite any lower court decisions in the Second Circuit addressing the issue.

The *Baker O'Neal* decision is a 2-1 decision that is, in any event, distinguishable from the facts in this case. The debtor in *Baker O'Neal* commenced an adversary proceeding against Ernst & Young *before* the chapter 11 plan was confirmed. Ernst & Young apparently actively participated in the chapter 11 case before the plan was confirmed, and did not object to the plan (or specifically to the retention of jurisdiction provision). The plan included a provision that the bankruptcy court retained jurisdiction over *pending* adversary proceedings. The bankruptcy court, affirmed by the district court, concluded that the retention of jurisdiction provision in the confirmed plan, retaining jurisdiction over pending adversary proceedings, was a binding

2

contractual provision that superseded the arbitration clause in the pre-petition contract between Ernst & Young and the debtor. The Seventh Circuit panel affirmed the lower courts, over the dissent by Judge Fairchild. The majority concluded that the confirmed plan was "in effect a contract between the parties and the terms of the plan describe their rights and obligation." *Id.* at 755. The majority agreed with the plaintiffs that retention of jurisdiction "to *adjudicate* pending adversary proceedings, controversies and disputes," *id.* at 756, encompassed adjudicating the merits of the dispute and not simply Ernst & Young's motion to compel arbitration. The court also concluded that bankruptcy court was not clearly erroneous in finding that Ernst & Young had waived the rights to demand arbitration. *Id.*

Judge Fairchild's dissent disagreed with the majority. He concluded that plan did not do more than retain jurisdiction in the bankruptcy court to adjudicate Ernst & Young's motion to compel arbitration. *Id.* at 758–59.

I find the dissent in *Baker O'Neal* more persuasive, but in any event, the majority opinion's reasoning is inapplicable in the circumstances here. The Plaintiffs here did not file the adversary proceeding until after the confirmation of the Plan. While the Plan language here retained jurisdiction of adversary proceedings "that may be pending on the Effective Date or brought thereafter," Plan, Art. XII.e., I conclude that this language should not be interpreted in this case to supersede a contractual arbitration provision in a pre-petition contract, such as the AWAC E&O Policy. If the Debtors in this case wanted to attempt to modify pre-petition contract rights to arbitrate disputes that had not resulted in a pre-confirmation adversary proceeding, at a minimum they should have said so explicitly. The Court also finds that there has not been conduct by Allied World—before or after Plan confirmation—that waived its right to demand arbitration.

3

In prior Opinions in this adversary proceeding, I concluded that the Court has subject matter jurisdiction over this case. The retention of jurisdiction provision in the Plan was sufficient to accomplish that result, but I conclude that the retention of jurisdiction provision did not alter the pre-petition contract rights of the parties to the contract, or their successors and assigns. The Plaintiffs succeeded to the rights of the insured parties to the insurance contract, but they have to take those rights as they existed pre-petition, particularly Allied World's right to compel arbitration of the coverage disputes.

For the reasons explained above, the Motion for Reconsideration (ECF Doc. # 201) is **GRANTED**. But, as previously determined in the Opinion and Order (ECF Doc. #. 200), Allied World's Motion to Compel Arbitration (ECF Doc. # 13) is **GRANTED**. The Plaintiffs' Motion to Stay the Arbitration, included in the Motion for Reconsideration, is **DENIED**.

**IT IS SO ORDERED.**

Dated: New York, New York
      September 6, 2017

                              *Martin Glenn*
                              MARTIN GLENN
                    United States Bankruptcy Judge