## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>PARAGON OFFSHORE PLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 16-10386 (CSS) |
| PARAGON LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.A R.L., NOBLE FDR HOLDINGS LIMITED, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, AND DAVID WILLIAMS,<br><br>Defendants. | Adv. Proc. No. 17-51882 (CSS)<br><br><br><br><br><br><br><br>**Hearing Date and Time: May 8, 2018 at 11a.m.** |

## **SCHEDULING ORDER**

---

[1] The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is Paragon Offshore plc (in administration) (6017). The Debtor's mailing address is 3151 Briarpark Drive, Suite 700, Houston, Texas 77042. Neville Barry Kahn and David Philip Soden, each of Deloitte LLP, are the joint administrators of Paragon Offshore plc (in administration) (the "Joint Administrators"). The affairs, business and property of Paragon Offshore plc (in administration) are managed by the Joint Administrators.

1

Whereas, a scheduling conference having been held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure (made applicable to this proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure) on May 8, 2018,

Whereas, Defendants previously filed a Motion to Dismiss in Favor of Arbitration and to Stay the Proceedings (the "Motion"),

Whereas, the Court has yet to rule on the Motion,

Whereas, the Court's ruling on the Motion will have a material effect on any pretrial and trial proceedings in this case, and

and the Court finding that good cause exists therefor,

**IT IS HEREBY ORDERED** that:

1. <u>Stay of Proceedings</u>. The Court will hold a hearing on the Motion on __6/1__, 2018. All other proceedings in this case are stayed until the Court rules on the Motion. When the Court resolves the Motion, it will determine the extent, if any, to which it will lift the stay in this proceeding. If the Court lifts this stay or denies the Defendants' motion to stay the proceedings, the following deadlines will automatically go in effect absent any additional order.

2. <u>Initial Disclosures</u>. The Parties shall make the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than 21 days after entry of an order lifting the stay.[2]

3. <u>Rule 7016(b) Motions</u>. Defendants shall file the motion contemplated by Federal Rule of Bankruptcy Procedure 7016(b) no later than 45 days after entry of an order lifting the stay.

---

[2] All references to days in this Order refer to calendar days.

2

4. <u>Fact Discovery Deadlines and Limits</u>.

   a. *Cut off.* All fact discovery shall be completed no later than 240 days after entry of an order lifting the stay.

   b. *Requests for Production.* The Parties shall make reasonable efforts to (1) begin rolling productions of documents commencing no later than 60 days after service of a request, and (2) complete full production no later than 75 days after service of a request. Furthermore, the Parties shall respond in good faith to reasonably tailored priority requests as soon as practicable.

   c. *Privilege Logs.* A Party that withholds from a production or redacts in a production any document on the grounds of privilege, work product, or any other type of protection or immunity from disclosure shall provide a privilege log that identifies, on an individual document basis, a control number, the date of the document, the name(s) of the author/sender and all recipients of the document, and a brief description of the nature and subject matter of the document and the privilege or other basis asserted to justify withholding or redacting the document. The Parties shall make reasonable efforts to finalize and provide a log of such information within 90 days of service of the request for production to which such log relates.

   d. *Interrogatories.* Plaintiff and Defendants are each limited to a total of 25 interrogatories, provided that each side may serve identical interrogatories to each opposing party which will count as one interrogatory regardless of the number of Parties receiving the request (*e.g.*, one identical interrogatory served by each of the Defendants to the Plaintiff shall count as one single interrogatory).

e. *Requests for Admission.* There shall be a limit of 75 requests for admission that seek authentication of documents, certification of business records, or an admission that a person or entity made a statement in any document or that was otherwise recorded at the time the statement was made. The requesting Party shall provide copies of all documents or recordings that are the subject of such requests for admission. These requests for admission shall be contained under a separate heading in the Party's requests for admission. The Parties shall work cooperatively in good faith to agree upon stipulations of additional facts that are not in dispute. Each side may serve as many as 50 requests for admission that do not seek authentication of documents, certification of business records, or an admission that a person or entity made a statement in any document or that was otherwise recorded at the time the statement was made.

f. *Deposition Limits.* Each side is limited to 17 depositions of fact witnesses. No witness may be deposed more than one time. The 17-deposition limit can be increased by agreement or ~~for good cause shown~~ *by order of the Court*.

g. *Deposition Notice Procedures.* Depositions shall be noticed, as applicable, through a deposition notice served upon counsel for a Party or through a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure. Depositions of individuals currently employed by a Party shall be noticed through a deposition notice. Counsel shall confer timely and in good faith concerning whether a Rule 45 subpoena is required to notice a deposition of former employees. Notwithstanding Local Bankruptcy Rule 7030-1(b), deposition notices and subpoenas shall be served no later than 14 days before the deposition date identified in the notice or

4

subpoena (the "Noticed Date"). Any objection to the Noticed Date or the location identified in the notice or subpoena shall be raised, in writing, no later than nine days before the Noticed Date. Counsel for the Parties (and, where applicable, counsel for third parties) shall confer timely and in good faith regarding the date and location of the deposition. Absent extraordinary circumstances, any Party or third party objecting to the Noticed Date shall timely provide alternative dates within seven days before or after the Noticed Date. Notwithstanding Local Bankruptcy Rule 7030-1(c), any motion to quash a deposition must be filed no later than five days before the Noticed Date. Otherwise, the deposition shall commence as scheduled absent a showing of good cause.

      h.     *Procedures for Rule 30(b)(6) Depositions.* Deposition notices seeking testimony under Rule 30(b)(6) of the Federal Rules of Civil Procedure shall be served no later than 28 days before the Noticed Date. Any objections to the Noticed Date or the matters of examination noticed shall be raised, in writing, no later than 14 days before the Noticed Date. The Parties shall confer timely and in good faith regarding the date and location of the 30(b)(6) deposition, as well as any disputes concerning the noticed matters of examination. The Parties shall identify any witness they are designating as a Rule 30(b)(6) witness as soon as practicable but no later than five business days prior to the agreed-upon date of a Rule 30(b)(6) deposition. The Parties shall also provide, upon request, a curriculum vitae of any witness designated as a Rule 30(b)(6) witness.

5.     Discovery Disputes. Del. Bankr. L.R. 9013–1(b) notwithstanding, the Parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute, the party seeking relief shall contact chambers at **(302)**

**252-2888, extension 3** to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a statement, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a statement, not to exceed three pages, outlining that party's reason for its opposition. Should the Court find itself unable to resolve the disputes in the telephone conference, the Court will order motion and briefing practice. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph. The Court will accept and encourages telephone calls during depositions in an attempt to resolve disputes arising in the course of the deposition without delay or the need for extensive briefing.

6. <u>Amended Pleadings</u>. Any motions to amend the pleadings shall be filed no later than 280 days after entry of an order lifting the stay.

7. Notwithstanding the above, if the Court denies the motion to dismiss Counts 6, 7, or 8 in favor of arbitration, the Defendants shall have 30 days from the date of such order to file an answer or amended answer, as appropriate, regarding those counts.

8. <u>Expert Discovery Dates and Deadlines</u>.

   a. *Plaintiff's Expert Report(s)*. Plaintiff shall file its designation of testifying experts and serve on the other Parties the reports and information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure for such experts no later than 285 days after entry of an order lifting the stay.

      b.    *Defendants' Expert Reports.* Defendants shall file their designation of testifying experts and serve on the other Parties the reports and information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure for such experts no later than 330 days after entry of an order lifting the stay.

      c.    *Plaintiff's Rebuttal Reports.* Plaintiff shall file its designation of any additional experts retained for rebuttal purposes and serve on the other Parties the reports and information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure for such experts no later than 365 days after entry of an order lifting the stay.

      d.    *Expert Depositions.* Depositions of experts shall be completed, and expert discovery shall close, no later than 395 days after entry of an order lifting the stay.

9.    <u>Dispositive, *Daubert*, and *In Limine* Motions</u>. All dispositive and *Daubert* motions shall be filed and served no later than 425 days after entry of an order lifting the stay. Responses to any such motions shall be filed and served within 21 days, and any replies shall be filed and served within 14 days. All other motions *in limine* must be filed and served no later than 30 days before the pre-trial conference scheduled by the Court. Responses to any such motions shall be filed and served no later than 14 days before the pre-trial conference, and any replies shall be filed and served no later than seven days before the pre-trial conference.

10.    <u>Pre-Trial Matters</u>.

      a.    The Court will schedule a pre-trial conference and reserve dates for trial at a later date.

      b.    The Parties shall comply with the General Order Governing Pre-Trial Procedures in Adversary Proceedings Set for Trial Before Judge Christopher S. Sontchi.

7

Among other things, no later than three business days prior to the pre-trial conference, the Parties shall file their Joint Pre-Trial Memorandum approved by all counsel and contemporaneously deliver two copies thereof to Judge Sontchi's chambers.

      c.    The Parties must immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and file with the Court appropriate evidence of such resolution as soon thereafter as is feasible.

11.    Deadlines in this order may be modified by stipulation or with leave of the Court.

12.    Service of court filings, notices, discovery, and other materials discussed in this Order can be effected by email and/or FTP on the due dates specified in this Order.

13.    This adversary proceeding is exempt from the mediation requirements of Delaware Local Bankruptcy Rule 9019-5. The Parties are not required to file a Stipulation Regarding Appointment of a Mediator or a statement that the Parties cannot agree on a mediator.

Dated: May 8, 2018
       Wilmington, DE

                                 HONORABLE CHRISTOPHER S. SONTCHI
                                 UNITED STATES BANKRUPTCY JUDGE