## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PARAGON OFFSHORE PLC | Case No. 16-10386 (CSS) |
| Debtor | |

| | |
|---|---|
| PARAGON LITIGATION TRUST, | |
| Plaintiff, | |
| vs. | |
| NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD, NOBLE CORPORATION, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.A R.L., NOBLE HOLDING INTERNATIONAL (LUXEMBOURG NHIL) S.A R.L., NOBLE FDR HOLDINGS LIMITED, MICHAEL A. CAWLEY, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, AND DAVID WILLIAMS, | Adv. Proc. No.17-51882 (CSS) |
| Defendants. | |

## INDIVIDUAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO ADVERSARY COMPLAINT

Defendants Michael A. Cawley, Julie H. Edwards, Gordon T. Hall, Jon A. Marshall,

James A. MacLennan, Mary P. Ricciardello, Julie J. Robertson, and David W. Williams (the

"Individual Defendants")[1] assert the following answer and affirmative defenses to the adversary complaint dated December 15, 2017 (the "Complaint"), upon knowledge with respect to themselves and their own acts and upon information and belief with respect to all other matters.

## STATEMENT PURSUANT TO LOCAL RULE 7012-1

In submitting this Answer and Affirmative Defenses to Adversary Complaint, the Individual Defendants do not consent to the entry of final orders or judgments by the Bankruptcy Court (the "Court") if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PRELIMINARY STATEMENT

It is the Individual Defendants' position that the pending appeal of their motion to compel arbitration of the breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims against them pursuant to Section 16(a) of the Federal Arbitration Act has divested the Court of jurisdiction over those causes of action and, therefore, no response to these allegations is required at this time. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007). To the extent that a response is required, the Individual Defendants answer the Complaint as follows:

1.    Deny the allegations in Paragraph 1, except admit that Noble completed a Spin-Off of Paragon as an independent company in August 2014, as described in the SEC Form 10

---

[1]    Former Defendants Ashley Almanza and Lawrence J. Chazen were dismissed by stipulation of the parties. *See* D.I. 42; D.I. 55.

issued in connection with the transaction, to which the Court is respectfully referred for additional information concerning the transaction's form and structure.

2.      Deny the allegations in Paragraph 2, except admit that Paragon filed for bankruptcy on February 14, 2016, and respectfully refer the Court to the publicly reported prices of Paragon securities.

3.      Deny the allegations in Paragraph 3, except admit that this action is brought by the Paragon Litigation Trust, and respectfully refer the Court to the Litigation Trust Agreement for its full and complete contents.

4.      Deny the allegations in Paragraph 4, except admit that Petrobras and Pemex accounted for more than 55% of Paragon's contract backlog at the time of the Spin-Off, as described in Exhibit 99.1 attached to the Form 8-K that Paragon filed with the U.S. Securities and Exchange Commission on September 9, 2014, to which the Court is respectfully referred for additional information concerning Paragon's contract backlog.

5.      Deny the allegations in the first sentence and third sentence of Paragraph 5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 5.

6.      Deny the allegations in the third sentence of Paragraph 6, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remainder of Paragraph 6.

7.    Deny the allegations in Paragraph 7, except admit that Noble maintained an internal forecasting model, and respectfully refer the Court to that model for its full and complete contents.

8.    Deny the allegations in Paragraph 8, and respectfully refer the Court to the quoted document for its full and complete contents.

9.    Deny the allegations in Paragraph 9, except admit that Noble's Board of Directors retained Houlihan Lokey, and respectfully refer the Court to the Houlihan engagement letter for a description of the complete scope of the engagement.    Individual Defendants further respectfully refer the Court to the model referenced in this paragraph of the Complaint, the projections that were provided to Houlihan, and Houlihan's engagement letter for their full and complete contents.

10.    Deny the allegations in Paragraph 10, except admit that Houlihan issued an opinion to Noble's Board of Directors dated July 11, 2014 (the "Houlihan Opinion"), and respectfully refer the Court to the Houlihan Opinion, Houlihan's presentation to Noble's Board of Directors, and the model referenced in this paragraph for their full and complete contents.

11.    Deny the allegations in Paragraph 11, and respectfully refer the Court to the financial model referenced in this paragraph for its full and complete contents.

12.    Deny the allegations in Paragraph 12, except respectfully refer the Court to the Houlihan Opinion, Houlihan's presentation to Noble's Board of Directors, and the financial model referenced in this paragraph for their full and complete contents.

13.     Deny the allegations in Paragraph 13.

14.     The Individual Defendants assert that the allegations in Paragraph 14 are conclusions of law to which no response is required.  The allegations contain characterizations of provisions of law, to which the Court is respectfully referred.

15.     The Individual Defendants assert that the allegations in Paragraph 15 are conclusions of law to which no response is required.  The allegations contain characterizations of provisions of law, to which the Court is respectfully referred.  To the extent a response is necessary, the Individual Defendants deny that the Court has authority to enter final orders or judgments on any of the claims.  By answering, the Individual Defendants are not agreeing to confer such authority on the Court.

16.     The Individual Defendants assert that no response to this allegation is required. To the extent a response is required, the Individual Defendants incorporate by reference their Statement Pursuant to Local Rule 7012-1.

17.     Admit the allegations in the first sentence and the second sentence of Paragraph 17.  In response to the allegations in the third sentence of Paragraph 17, the Individual Defendants respectfully refer the Court to the Plan for its full and complete contents.  The allegations in the third sentence and the fourth sentence of Paragraph 17 are conclusions of law to which no response is required.

18.     Admit the allegations in the first sentence and the second sentence of Paragraph 18.  The Individual Defendants deny the allegations in the third sentence of Paragraph 18.  The allegations in the fourth sentence of Paragraph 18 are conclusions of law to which no response is

required.  Insofar as there are facts alleged in the fourth sentence of Paragraph 18, deny the allegations.

19.     Admit the allegations in the first sentence of Paragraph 19.  Deny the allegations in the second sentence of Paragraph 19, except admit that Noble Holdings Cayman is a subsidiary of Noble.  The allegations in the third sentence of Paragraph 19 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 19, deny the allegations.

20.     Admit the allegations in the first sentence of Paragraph 20.  Deny the allegations in the second sentence of Paragraph 20, except admit that Noble Cayman is a subsidiary of Noble Holdings Cayman.  The allegations in the third sentence of Paragraph 20 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 20, deny the allegations.

21.     Admit the allegations in the first sentence and the second sentence of Paragraph 21.  Deny the allegations in the third sentence of Paragraph 21, except admit that NHIL 1 is a subsidiary of Noble Cayman.  The allegations in the fourth sentence of Paragraph 21 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the fourth sentence of Paragraph 21, deny the allegations.

22.     Admit the allegations in the first sentence and the second sentence of Paragraph 22.  Deny the allegations in the third sentence of Paragraph 22, except admit that NHIL 2 is a subsidiary of Noble Cayman.  The allegations in the fourth sentence of Paragraph 22 are

conclusions of law to which no response is required.  Insofar as there are facts alleged in the fourth sentence of Paragraph 22, deny the allegations.

23.    Admit the first sentence and the second sentence of Paragraph 23.  Deny the allegations in the third sentence of Paragraph 23, except admit that FDR is a subsidiary of Noble Cayman.  The allegations in the fourth sentence of Paragraph 23 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the fourth sentence of Paragraph 23, deny the allegations.

24.    Former Defendant Ashley Almanza was dismissed by stipulation of the parties.  *See* D.I. 42.  Accordingly, no response to Paragraph 24 is required.

25.    Deny the allegations in the first sentence of Paragraph 25.  Admit the allegations in the second sentence of Paragraph 25.  The allegations in the third sentence of Paragraph 25 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 25, deny the allegations.

26.    Former Defendant Lawrence J. Chazen was dismissed by stipulation of the parties.  *See* D.I. 55.  Accordingly, no response to Paragraph 26 is required.

27.    Admit the allegations in the first sentence and the second sentence of Paragraph 27.  The allegations in the third sentence of Paragraph 27 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 27, deny the allegations.

28.     Admit the allegations in the first sentence and the second sentence of Paragraph 28. The allegations in the third sentence of Paragraph 28 are conclusions of law to which no response is required. Insofar as there are facts alleged in the third sentence of Paragraph 28, deny the allegations.

29.     Admit the allegations in the first sentence and the second sentence of Paragraph 29. The allegations in the third sentence of Paragraph 29 are conclusions of law to which no response is required. Insofar as there are facts alleged in the third sentence of Paragraph 29, deny the allegations.

30.     Deny the allegations in the first sentence of Paragraph 30, except admit that James A. MacLennan served as Noble's Chief Financial Officer from January 9, 2012, until February 26, 2016. Deny the allegations in the second sentence of Paragraph 30, except admit that James A. MacLennan served as the sole member of Paragon's Board of Directors from Paragon's formation until July 16, 2014. Deny the third sentence of Paragraph 30. The allegations in the fourth sentence of Paragraph 30 are conclusions of law to which no response is required. Insofar as there are facts alleged in the fourth sentence of Paragraph 30, deny the allegations.

31.     Admit the allegations in the first sentence and the second sentence of Paragraph 31. The allegations in the third sentence of Paragraph 31 are conclusions of law to which no response is required. Insofar as there are facts alleged in the third sentence of Paragraph 31, deny the allegations.

32.     Deny the allegations in the first sentence and the second sentence of Paragraph 32, except admit that Julie J. Robertson served as a member of Paragon's Board of Directors

from the Spin-Off until September 21, 2015, and served as Noble's Executive Vice President from February 10, 2006, until January 2018.  The allegations in the third sentence of Paragraph 32 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the third sentence of Paragraph 32, deny the allegations.

33.    Deny the allegations in the first sentence and the second sentence of Paragraph 33, except admit that David W. Williams served as Noble's Chairman, President, and Chief Executive Officer from January 3, 2008, until January 2018.  Deny the allegations in the third sentence of Paragraph 33, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding David W. Williams' active voter registration and active driver's license.  Deny the allegations in the fourth sentence of Paragraph 33, except admit that David W. Williams conducted certain business for Noble including in the United States.  The allegations in the fifth sentence of Paragraph 33 are conclusions of law to which no response is required.  Insofar as there are facts alleged in the fifth sentence of Paragraph 33, deny the allegations.

34.    Deny the allegations in Paragraph 34, except respectfully refer the Court to the Form 10 issued in connection with the transaction for a complete and accurate description of standard specification rigs and high specification rigs.

35.    Admit the allegations in the first sentence of Paragraph 35.  Deny the allegations in the second sentence and the third sentence of Paragraph 35, and respectfully refer the Court to the Form 10-K that Noble filed with the U.S. Securities and Exchange Commission on February 23, 2013, for a complete description of Noble's business strategy and fleet composition.

36.    Deny the allegations in Paragraph 36, and respectfully refer the Court to the Form 10-K that Noble filed with the U.S. Securities and Exchange Commission on February 23, 2013, for a complete description of the industry and market conditions.

37.    Deny the allegations in Paragraph 37, except admit that Noble's management had certain communications with its Board of Directors in 2012, and respectfully refer the Court to the quoted document for its full and complete contents.

38.    Deny the allegations in Paragraph 38, except respectfully refer the Court to the quoted documents for their full and complete contents.

39.    Deny the allegations in the first sentence, the second sentence, the third sentence, and the fourth sentence of Paragraph 39, except admit that Noble attempted to sell 21 standard specification jackup rigs, Noble received an $815 million bid, and Noble did not sell the rigs at that time.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations related to lenders' actions or decisions and Castle Harlan's acquisition of assets from Transocean Ltd. in the fifth sentence and the sixth sentence of Paragraph 39, and respectfully refer the Court to the quoted documents for their full and complete contents.

40.    Deny the allegations in Paragraph 40, except admit that Noble pursued a strategy to spin off most of its standard specification rigs into a new, separately traded and managed company and the formal name of the project was "Project Shark."

41.    Deny the allegations in Paragraph 41, except admit that Noble began exploring strategic alternatives in 2012 with consultation from outside advisors, and respectfully refer the Court to the quoted documents for their full and complete contents.

42.    Deny the allegations in Paragraph 42, and respectfully refer the Court to the quoted document for its full and complete contents.

43.    Deny the allegations in Paragraph 43, and respectfully refer the Court to the quoted document for its full and complete contents.

44.    Deny the allegations in Paragraph 44, except admit that Noble at one time contemplated an initial public offering of the new company, and respectfully refer the Court to the quoted document for its full and complete contents and to the Form S-1 filed on behalf of Noble Spinco Limited with the U.S. Securities and Exchange Commission on December 20, 2013, for additional information regarding this transaction.

45.    Deny the allegations in Paragraph 45, except admit that Noble worked on a potential initial public offering in the latter part of 2013 and early 2014, and respectfully refer the Court to the quoted document for its full and complete contents and to the publicly reported prices of Noble securities.

46.    Deny the allegations in Paragraph 46, except admit that Noble decided against proceeding with an initial public offering in April 2014, and respectfully refer the Court to the quoted document for its full and complete contents.

47.    Deny the allegations in Paragraph 47, and respectfully refer the Court to the quoted documents for their full and complete contents.

48.    Deny the allegations in Paragraph 48.

49.     Deny the allegations in Paragraph 49, except admit that Petrobras was a customer and contract counterparty for Noble's standard specification business, and respectfully refer the Court to the relevant report of Noble's contract backlog for its full and complete contents.

50.     Deny the allegations in Paragraph 50, and further respond by respectfully referring the Court to the quoted document for its full and complete contents.

51.     Deny the allegations in Paragraph 51.

52.     Deny the allegations in Paragraph 52, except admit that the government of Brazil initiated an investigation into Petrobras and respectfully refer the Court to the quoted documents for their full and complete contents.

53.     Deny the allegations in Paragraph 53, except admit that Noble believed that the *Noble Leo Segerius* and *Noble Roger Eason* contracts were required to be extended.

54.     Deny the allegations in Paragraph 54, and respectfully refer the Court to the forecasts referenced in this paragraph for their full and complete contents.

55.     Deny the allegations in the first sentence of Paragraph 55.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 55.

56.     Deny the allegations in Paragraph 56, except admit that, as of March 31, 2014, Petrobras represented about 18% of the pro forma contract drilling backlog for 2014 that would belong to Paragon.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 57, except respectfully refer the Court to any notices that Pemex provided to government regulators for their full and complete contents.  Deny the allegations in the second and third sentences of Paragraph 57, except admit that Barclays prepared a "Pemex Case" analysis and respectfully refer the Court to that analysis for its full and complete contents.  Deny the allegations in the fourth and fifth sentences of Paragraph 57, except admit that Barclays prepared a Mexican jackup sales analysis, and respectfully refer the Court to that analysis for its full and complete contents.

58.     Deny the allegations in Paragraph 58, except admit that Pemex was Noble's sole customer in Mexico during December 2013, and respectfully refer the Court to the quoted documents for their full and complete contents.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     Deny the allegations in Paragraph 60, except admit that Paragon had publicly disclosed that these three assets were cold-stacked, and respectfully refer the Court to the referenced documents for their full and complete contents.

61.     Admit that these three assets became part of the Paragon fleet and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 61.  Deny the remaining allegations in Paragraph 61.

62.     Deny the allegations in Paragraph 62.

63.     Deny the allegations in Paragraph 63, and respectfully refer the Court to the quoted document for its full and complete contents.

64.     Deny the allegations in Paragraph 64, except admit that Noble decided against proceeding with the initial public offering in April 2014, and respectfully refer the Court to the quoted documents for their full and complete contents.

65.     Deny the allegations in Paragraph 65.

66.     Deny the allegations in Paragraph 66, and respectfully refer the Court to the quoted documents for their full and complete contents.

67.     Deny the allegations in Paragraph 67, and respectfully refer the Court to the quoted documents for their full and complete contents.

68.     Deny the allegations in Paragraph 68, and respectfully refer the Court to the quoted documents for their full and complete contents.

69.     Deny the allegations in Paragraph 69, and respectfully refer the Court to the quoted document for its full and complete contents.

70.     Deny the allegations in the first sentence of Paragraph 70.  Deny the allegations in the second sentence of Paragraph 70, except respectfully refer the Court to any notices that Pemex provided to government regulators for their full and complete contents.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 70.

71.     Deny the allegations in Paragraph 71, and respectfully refer the Court to the quoted document for its full and complete contents.

72.     Deny the allegations in the first sentence and the second sentence of Paragraph 72.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 72.

73.     Deny the allegations in the first sentence of Paragraph 73, and, in response to the remaining allegations of Paragraph 73, respectfully refer the Court to the quoted documents for their full and complete contents.

74.     Deny the allegations in Paragraph 74, and respectfully refer the Court to the quoted documents for their full and complete contents.

75.     Deny the allegations in Paragraph 75, except admit that Noble provided certain information to KPMG that referred to the "useful life" of certain rigs and respectfully refer the Court to the quoted documents for their full and complete contents.

76.     Deny the allegations in Paragraph 76, and respectfully refer the Court to the quoted documents for their full and complete contents.

77.     Deny the allegations in Paragraph 77.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

15

79.     Deny the allegations in Paragraph 79, and respectfully refer the Court to the quoted documents for their full and complete contents.

80.     Deny the allegations in Paragraph 80, and respectfully refer the Court to the quoted document for its full and complete contents.

81.     Deny the allegations in Paragraph 81, and respectfully refer the Court to the quoted document for its full and complete contents

82.     Deny the allegations in Paragraph 82, except admit that Randall Stilley was hired in February 2014 to serve as Paragon's Chief Executive Officer, and respectfully refer the Court to Paragon's public filings for a complete description of its management.

83.     Deny the allegations in Paragraph 83, and respectfully refer the Court to the quoted document for its full and complete contents.

84.     Deny the allegations in Paragraph 84, and respectfully refer the Court to the quoted document for its full and complete contents.

85.     Deny the allegations in Paragraph 85, and respectfully refer the Court to the quoted documents for their full and complete contents.

86.     Deny the allegations in Paragraph 86, and respectfully refer the Court to the quoted document for its full and complete contents.

87.     Deny the allegations in Paragraph 87, and respectfully refer the Court to the referenced document for its full and complete contents.

88.     Deny the allegations in Paragraph 88, except admit that Noble completed a Spin-Off of Paragon as an independent company in August 2014, as described in Form 10 issued in connection with the transaction, to which the Court is respectfully referred for additional information concerning the transaction's form and structure, and that Houlihan issued an opinion to Noble's Board of Directors, and respectfully refer the Court to the Houlihan Opinion for its full and complete contents.

89.     Deny the allegations in Paragraph 89, except admit that on April 1, 2013 Noble's Board of Directors engaged Houlihan, and respectfully refer the Court to the Houlihan engagement letter for its full and complete contents.

90.     Deny the allegations in Paragraph 90, except admit that Houlihan issued an opinion to Noble's Board of Directors, and respectfully refer the Court to the Houlihan Opinion for its full and complete contents.

91.     Deny the allegations in Paragraph 91, except admit that Houlihan issued an opinion to Noble's Board of Directors, and respectfully refer the Court to the Houlihan Opinion for its full and complete contents.

92.     Deny the allegations in Paragraph 92.

93.     Deny the allegations in Paragraph 93, except admit that Noble maintained an internal forecasting model, and respectfully refer the Court to the forecasts referenced in this paragraph for their full and complete contents.

94.    Admit that Noble did not provide the full internal forecasting model referred to as the "Master Model" to Houlihan.  Deny the remaining allegations in Paragraph 94.

95.    Deny the allegations in Paragraph 95, except admit that Houlihan issued an opinion and report to Noble's Board of Directors, and respectfully refer the Court to the Houlihan Opinion and Houlihan's presentation to Noble's Board of Directors for their full and complete contents.

96.    Admit the allegations in the first sentence of Paragraph 96.  Deny the allegations in the second and third sentence of Paragraph 96, except refer the Court to the quoted document for its full and complete contents.

97.    Deny the allegations in Paragraph 97, and respectfully refer the Court to the document referenced in this paragraph for its full and complete contents.

98.    Deny the allegations in Paragraph 98, and respectfully refer the Court to the document referenced in this paragraph for its full and complete contents.

99.    Deny the allegations in Paragraph 99, and respectfully refer the Court to the document referenced in this paragraph, the Senior Secured Term Loan Agreement dated as of July 18, 2014, and the Senior Notes Indenture dated as of July 18, 2014, for their full and complete contents.

100.    Deny the allegations in Paragraph 100, and respectfully refer the Court to the document referenced in this paragraph for its full and complete contents.

101.    Deny the allegations in Paragraph 101.

102.     Deny the allegations in Paragraph 102, and respectfully refer the Court to the quoted document for its full and complete contents.

103.     Deny the allegations in Paragraph 103, except admit that the *Noble Muravlenko*, *Noble Lorris Bouzigard*, and *Noble Seillean* were cold stacked at the time of the Spin-Off, and respectfully refer the Court to the quoted document for its full and complete contents.

104.     Deny the allegations in Paragraph 104, and respectfully refer the Court to the quoted document for its full and complete contents.

105.     Deny the allegations in Paragraph 105, and respectfully refer the Court to the referenced documents for their full and complete contents.

106.     Deny the allegations in Paragraph 106.

107.     Deny the allegations in Paragraph 107.

108.     Deny the allegations in Paragraph 108.

109.     Deny the allegations in Paragraph 109, except admit that (1) the Spin-Off was accomplished through a series of steps, including a pro rata distribution by Noble of all of the ordinary shares of Paragon to Noble's shareholders, (2) certain subsidiaries of Noble received $1.71 billion in cash as settlement of intercompany notes issued in their favor, and (3) Paragon or its subsidiaries issued and incurred $1.73 billion in new debt, consisting of $650 million in secured term loans and $1.08 billion in senior unsecured notes, to finance the repayment of the intercompany notes.  Individual Defendants further respond that these allegations omit material elements of Paragon's assets and capitalization.

110.    Deny the allegations in Paragraph 110, except admit that (1) the assets and liabilities that Paragon acquired in connection with the Spin-Off consisted of most of Noble's standard specification drilling units and related assets, liabilities, and business; (2) Paragon's fleet consisted of five drillships, three semisubmersibles, thirty-four jackups, and one floating production storage and offloading unit; (3) Paragon was also responsible for the Hibernia platform operations offshore Canada; and (4) certain subsidiaries of Noble received approximately $1.7 billion in cash as settlement of intercompany notes as consideration for the business contributed to Paragon.  Individual Defendants further respond that these allegations omit material elements of Paragon's assets and capitalization.

111.    Deny the allegations in Paragraph 111, except admit that Noble hired Baker Botts LLP to prepare the referenced agreements, and respectfully refer the Court to the referenced agreements for their full and complete contents.

112.    Deny the allegations in Paragraph 112, and respectfully refer the Court to the referenced documents for their full and complete contents.

113.    Admit the allegations in Paragraph 113.

114.    Admit that Paragon currently has its principal place of business in Houston, Texas.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and the third sentence of Paragraph 114, and respectfully refer the Court to the referenced testimony for its full and complete contents.

115.    Deny the allegations in Paragraph 115, except admit that Paragon securities began trading on August 4, 2014, at $11.21 per share, and respectfully refer the Court to the publicly-reported prices of Paragon securities.

116.    Deny the allegations in Paragraph 116, and respectfully refer the Court to the referenced documents for their full and complete contents.

117.    Deny the allegations in Paragraph 117, and respectfully refer the Court to the quoted document for its full and complete contents.

118.    The Individual Defendants, other than Julie Robertson, deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and the second sentence of Paragraph 118, and respectfully refer the Court to the quoted document for its full and complete contents.  Ms. Robertson denies the allegations in the first sentence and the second sentence of Paragraph 118, and respectfully refers the Court to the quoted document for its full and complete contents.  The Individual Defendants deny the allegations in the third sentence of Paragraph 118, and respectfully refer the Court to the publicly-reported prices of Paragon securities.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 119, and respectfully refer the Court to the quoted documents for their full and complete contents.  Deny the allegations in the second sentence of Paragraph 119, and respectfully refer the Court to the quoted document for its full and complete contents.

120.    The Individual Defendants, other than Julie Robertson, deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, except admit that Paragon announced that it had taken a $929 non-cash impairment charge related to three drillships in Brazil and the FPSO in the U.S. Gulf of Mexico, and respectfully refer the Court to Paragon's public disclosures for their full and complete contents.  Ms. Robertson denies the allegations in Paragraph 120, except admits that Paragon announced that it had taken a $929 non-cash impairment charge related to three drillships in Brazil and the FPSO in the U.S. Gulf of Mexico, and respectfully refers the Court to Paragon's public disclosures for their full and complete contents.

121.    Deny the allegations in Paragraph 121.

122.    Deny the allegations in Paragraph 122, except refer the Court to the underlying written communications with Mr. Stilley on these issues for their full and accurate description.

123.    The Individual Defendants, other than Julie Robertson, deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123.  Ms. Robertson denies the allegations in Paragraph 123 and respectfully refers the Court to the underlying communications for their full and complete contents.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, except respectfully refer the Court to any notices that Pemex provided to government regulators for their full and complete contents.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, except admit that crude oil prices plummeted after the Spin-Off, and respectfully refer the Court to the relevant publicly reported prices of crude oil.

126.    The Individual Defendants, other than Julie Robertson, deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, except admit that Paragon acquired Prospector Offshore Drilling.  Ms. Robertson denies the allegations in Paragraph 126, except admits that Paragon acquired Prospector Offshore Drilling.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Paragon's actual results after the Spin-Off.  Deny the remaining allegations in Paragraph 127, and respectfully refer the Court to the projections provided to Houlihan for their full and complete contents.

128.    Deny the allegations in Paragraph 128, and respectfully refer the Court to the quoted document for its full and complete contents.

129.    Admit the allegations in Paragraph 129.

130.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

131.    Because the allegations in Paragraph 131 are not directed at the Individual Defendants, no response is required.

132.    Because the allegations in Paragraph 132 are not directed at the Individual Defendants, no response is required.

133.    Because the allegations in Paragraph 133 are not directed at the Individual Defendants, no response is required.

134.    Because the allegations in Paragraph 134 are not directed at the Individual Defendants, no response is required.

135.    Because the allegations in Paragraph 135 are not directed at the Individual Defendants, no response is required.

136.    Because the allegations in Paragraph 136 are not directed at the Individual Defendants, no response is required.

137.    Because the allegations in Paragraph 137 are not directed at the Individual Defendants, no response is required.

138.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

139.    Because the allegations in Paragraph 139 are not directed at the Individual Defendants, no response is required.

140.    Because the allegations in Paragraph 140 are not directed at the Individual Defendants, no response is required.

141.    Because the allegations in Paragraph 141 are not directed at the Individual Defendants, no response is required.

142.    Because the allegations in Paragraph 142 are not directed at the Individual Defendants, no response is required.

143.    Because the allegations in Paragraph 143 are not directed at the Individual Defendants, no response is required.

144.    Because the allegations in Paragraph 144 are not directed at the Individual Defendants, no response is required.

145.    Because the allegations in Paragraph 145 are not directed at the Individual Defendants, no response is required.

146.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

147.    Because the allegations in Paragraph 147 are not directed at the Individual Defendants, no response is required.

148.    Because the allegations in Paragraph 148 are not directed at the Individual Defendants, no response is required.

149.    Because the allegations in Paragraph 149 are not directed at the Individual Defendants, no response is required.

150.    Because the allegations in Paragraph 150 are not directed at the Individual Defendants, no response is required.

151.    Because the allegations in Paragraph 151 are not directed at the Individual Defendants, no response is required.

152.    Because the allegations in Paragraph 152 are not directed at the Individual Defendants, no response is required.

153.    Because the allegations in Paragraph 153 are not directed at the Individual Defendants, no response is required.

154.    Because the allegations in Paragraph 154 are not directed at the Individual Defendants, no response is required.

155.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

156.    Because the allegations in Paragraph 156 are not directed at the Individual Defendants, no response is required.

157.    Because the allegations in Paragraph 157 are not directed at the Individual Defendants, no response is required.

158.    Because the allegations in Paragraph 158 are not directed at the Individual Defendants, no response is required.

159.    Because the allegations in Paragraph 159 are not directed at the Individual Defendants, no response is required.

160.    Because the allegations in Paragraph 160 are not directed at the Individual Defendants, no response is required.

161.    Because the allegations in Paragraph 161 are not directed at the Individual Defendants, no response is required.

162.    Because the allegations in Paragraph 162 are not directed at the Individual Defendants, no response is required.

163.    Because the allegations in Paragraph 163 are not directed at the Individual Defendants, no response is required.

164.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

165.    Because the allegations in Paragraph 165 are not directed at the Individual Defendants, no response is required.

166.    Because the allegations in Paragraph 166 are not directed at the Individual Defendants, no response is required.

167.    Because the allegations in Paragraph 167 are not directed at the Individual Defendants, no response is required.

168.    Because the allegations in Paragraph 168 are not directed at the Individual Defendants, no response is required.

169.     Because the allegations in Paragraph 169 are not directed at the Individual Defendants, no response is required.

170.     Because the allegations in Paragraph 170 are not directed at the Individual Defendants, no response is required.

171.     Because the allegations in Paragraph 171 are not directed at the Individual Defendants, no response is required.

172.     Because the allegations in Paragraph 172 are not directed at the Individual Defendants, no response is required.

173.     Because the allegations in Paragraph 173 are not directed at the Individual Defendants, no response is required.

174.     Because the allegations in Paragraph 174 are not directed at the Individual Defendants, no response is required.

175.     Because the allegations in Paragraph 175 are not directed at the Individual Defendants, no response is required.

176.     Because the allegations in Paragraph 176 are not directed at the Individual Defendants, no response is required.

177.     Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

178.    Deny the allegations in the first sentence of Paragraph 178, except admit that James A. MacLennan served as the sole member of Paragon's Board of Directors from Paragon's formation until July 16, 2014, and that Julie J. Robertson served as a member of Paragon's Board of Directors from the Spin-Off until September 21, 2015.  Deny the allegations in the second sentence of Paragraph 178, except admit that James A. MacLennan served as Noble's Chief Financial Officer from January 9, 2012, until February 26, 2016, and that Julie J. Robertson served as Noble's Executive Vice President from February 10, 2006, until January 2018.

179.    Deny the allegations in Paragraph 179.

180.    The Individual Defendants respond that the allegations in Paragraph 180 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 180, deny the allegations in Paragraph 180.

181.    The Individual Defendants respond that the allegations in Paragraph 181 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 180, deny the allegations in Paragraph 181.

182.    The Individual Defendants respond that the allegations in Paragraph 182 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 182, deny the allegations in Paragraph 182.

183.    The Individual Defendants respond that the allegations in Paragraph 183 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 183, deny the allegations in Paragraph 183.

184.    The Individual Defendants respond that the allegations in Paragraph 184 are conclusions of law to which no response is required.    Insofar as there are facts alleged in Paragraph 184, deny the allegations in Paragraph 184.

185.    The Individual Defendants respond that the allegations in Paragraph 185 are conclusions of law to which no response is required.    Insofar as there are facts alleged in Paragraph 185, deny the allegations in Paragraph 185.

186.    The Individual Defendants respond that the allegations in Paragraph 186 are conclusions of law to which no response is required.    Insofar as there are facts alleged in Paragraph 186, deny the allegations in Paragraph 186.

187.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

188.    Deny the allegations in Paragraph 188, except admit that David W. Williams served as Noble's Chairman, President, and Chief Executive Officer from January 3, 2008, until January 2018.

189.    Deny the allegations in Paragraph 189, except admit that Ashley Almanza was a member of Noble's Board of Directors from April 26, 2013 to June 19, 2018, Michael A. Cawley was a member of Noble's Board of Directors from approximately 1985 to August 11, 2017, Lawrence J. Chazen was a member of Noble's Board of Directors from approximately 1994 to June 10, 2014, Julie H. Edwards is and has been a member of Noble's Board of Directors from approximately 2006 to the present, Gordon T. Hall is and has been a member of Noble's Board of Directors from approximately 2009 to the present, Jon A. Marshall is and has been a member

of Noble's Board of Directors from approximately 2009 to the present, and Mary P. Ricciardello is and has been a member of Noble's Board of Directors from approximately 2003 to the present.

190.    Deny the allegations in Paragraph 190.

191.    The Individual Defendants respond that the allegations in Paragraph 191 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 191, deny the allegations in Paragraph 191.

192.    The Individual Defendants respond that the allegations in Paragraph 192 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 192, deny the allegations in Paragraph 192.

193.    The Individual Defendants respond that the allegations in Paragraph 193 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 193, deny the allegations in Paragraph 193.

194.    The Individual Defendants respond that the allegations in Paragraph 194 are conclusions of law to which no response is required.  Insofar as there are facts alleged in Paragraph 194, deny the allegations in Paragraph 194.

195.    Repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

196.    Because the Trust's unjust enrichment cause of action has been compelled to arbitration and because the allegations in Paragraph 196 are not directed at the Individual Defendants, no response is required.

197.    Because the Trust's unjust enrichment cause of action has been compelled to arbitration and because the allegations in Paragraph 197 are not directed at the Individual Defendants, no response is required.

198.    Because the Trust's unjust enrichment cause of action has been compelled to arbitration and because the allegations in Paragraph 198 are not directed at the Individual Defendants, no response is required.

199.    Because the Trust's unjust enrichment cause of action has been compelled to arbitration and because the allegations in Paragraph 199 are not directed at the Individual Defendants, no response is required.

## GENERAL DENIAL

The Individual Defendants deny each and every allegation, statement and matter not expressly admitted or qualified herein. Any allegations made in the headings contained in the Complaint are denied. The prayer for relief is denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without undertaking any burden of proof not otherwise assigned to them by law, the Individual Defendants assert the following affirmative and other defenses with respect to the claims for relief Plaintiff purports to assert in the Complaint:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff lacks standing to bring some or all of its claims.

## THIRD DEFENSE

Plaintiff's claims that are subject to the arbitration and dispute resolution procedures set forth in Article V of the Master Separation Agreement are barred because Plaintiff failed to comply with those procedures.

## FOURTH DEFENSE

Any payments Defendants received were for fair consideration and value, and each challenged transfer was made for fair consideration and value.

## FIFTH DEFENSE

Plaintiffs are not entitled to any recovery against the Individual Defendants because the Individual Defendants did not breach any duties, if any, that were owed to Plaintiffs and, therefore, the Individual Defendants cannot be held liable.

## SIXTH DEFENSE

Plaintiff's claims are barred because the Individual Defendants did not breach any duties, if any, that were owed to Plaintiffs.  At all times, the Individual Defendants acted in good faith and in accordance with any duties that were owed by them.

### SEVENTH DEFENSE

Plaintiff's claims are barred because the Noble Defendants did not aid or abet any breach of fiduciary duties or dishonestly assist in any breach of fiduciary duty.

### EIGHTH DEFENSE

Plaintiff's damages, if any, were not proximately caused by Individual Defendants.

### NINTH DEFENSE

The relief requested in Plaintiff's claims cannot exceed the claims that were timely filed and allowed in the Debtors' bankruptcy proceeding, *In re Paragon Offshore PLC, et al*, U.S.B.C. D. Del., Case No. 16-10386 (CSS), and not procured by the actions of Plaintiff or its counsel.

### TENTH DEFENSE

In the event Individual Defendants have any liability to Plaintiff, which is denied, damages, if any, are subject to reduction by Individual Defendants' rights of set-off.

### ELEVENTH DEFENSE

In the event Individual Defendants have any liability to Plaintiff, which is denied, damages, if any, are subject to reduction by the doctrine of recoupment.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any recovery by Plaintiff from Individual Defendants would constitute an unlawful double recovery or unjust enrichment.

34

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of in pari delicto.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of law of the case.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

### TWENTY- SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

### TWENTY- FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### RESERVATION OF RIGHTS

Individual Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to them, and therefore expressly reserve the right to (1) amend or supplement their Answer, defenses, affirmative defenses and all other pleadings, and (2) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate.

### PRAYER FOR RELIEF

Wherefore, the Individual Defendants respectfully request that the claims against them be dismissed together with such other relief as the Court deems proper and just.

Dated:  September 5, 2018

      Wilmington, Delaware

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

 */s/ Anthony W. Clark*
Anthony W. Clark (ID: 2051)
Stephen J. Della Penna (ID: 6103)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone:  (302) 651-3000
Facsimile:  (302) 651-3001

- and -

George A. Zimmerman *(admitted pro hac vice)*
Lauren E. Aguiar *(admitted pro hac vice)*
Four Times Square
New York, New York 10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

- and –

Wallis M. Hampton *(admitted pro hac vice)*
1000 Louisiana Street, Suite 6800
Houston, Texas 77002-5026
Telephone:  (713) 655-5116
Facsimile:   (713) 483-9116

*Counsel for the Individual Defendants*