**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>PARAGON OFFSHORE PLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-10386 (CSS) |
| PARAGON LITIGATION TRUST,<br><br>        Plaintiff,<br><br>  v.<br><br>NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD., NOBLE CORPORATION, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.à r.l., NOBLE HOLDING INTERNATIONAL (LUXEMBOURG NHIL) S.à r.l., NOBLE FDR HOLDINGS LIMITED, MICHAEL A. CAWLEY, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, and DAVID WILLIAMS,<br><br>        Defendants. | Adv. Proc. No. 17-51882 (CSS)<br><br><br><br><br><br><br><br><br><br><br><br>**Related Docket Nos. \_\_\_** |

**ORDER GRANTING DEFENDANTS' MOTION PURSUANT TO BANKRUPTCY RULE 7016(b) AND 11 U.S.C. § 157(b)(3) FOR AN ORDER DETERMINING THAT THIS COURT MAY ONLY ENTER PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO COUNTS I THROUGH VIII OF THE COMPLAINT**

Upon consideration of the *Defendants' Motion Pursuant To Bankruptcy Rule 7016(B) And 11 U.S.C. § 157(B)(3) For An Order Determining That This Court May Only Enter Proposed Findings Of Fact And Conclusions Of Law With Respect To Counts I Through VIII Of The Complaint* (the "Motion") and the memorandum of law in support thereof (the "Memorandum of Law"), each filed in the above-captioned adversary proceeding (the

"Adversary Proceeding") on September 20, 2018, with respect to Trust's[1] *Complaint* (D.I. 1); and upon consideration of any opposition submitted in response thereto and any reply in further support thereof; and the Court finding that it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that due and sufficient notice of the Motion has been given under the circumstances and upon determination that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to Stern v. Marshall, 564 U.S. 462 (2011), the Court does not have adjudicative authority pursuant to Article III of the U.S. Constitution to enter final judgment with respect to Counts I through V of the Complaint.

3. The Court determines that Counts VI through VIII of the Complaint are non-core claims pursuant to 11 U.S.C. § 157.

4. None of the Defendants have consented to this Court's final adjudication of any of the claims set forth in the Complaint.

5. The Court may therefore only submit proposed findings of fact and conclusions of law to the district court with respect to Counts I through VIII of the Complaint.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Memorandum of Law.

3

      6.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2018    _____
      Wilmington, Delaware        THE HONORABLE CHRISTOPHER S. SONTCHI
                                                 CHIEF UNITED STATES BANKRUPTCY JUDGE