# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>PARAGON OFFSHORE PLC,<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 16-10386 (CSS) |
| PARAGON LITIGATION TRUST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD., NOBLE CORPORATION, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.à r.l., NOBLE HOLDING INTERNATIONAL (LUXEMBOURG NHIL) S.à r.l., NOBLE FDR HOLDINGS LIMITED, MICHAEL A. CAWLEY, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, and DAVID WILLIAMS,<br><br>　　　　Defendants. | Adv. Proc. No. 17-51882 (CSS)<br><br><br><br>Hearing Date: To Be Determined |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
PURSUANT TO BANKRUPTCY RULE 7016(b) AND 11 U.S.C. § 157(b)(3)
FOR AN ORDER DETERMINING THAT THIS COURT MAY ONLY
ENTER PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
<u>WITH RESPECT TO COUNTS I THROUGH VIII OF THE COMPLAINT</u>**

Dated: September 20, 2018       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Anthony W. Clark (ID: 2051)
Stephen J. Della Penna (ID: 6103)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Facsimile: (302) 651-3001

- and -

George A. Zimmerman *(admitted pro hac vice)*
Lauren E. Aguiar *(admitted pro hac vice)*
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

- and -

Wallis M. Hampton *(admitted pro hac vice)*
1000 Louisiana Street, Suite 6800
Houston, Texas 77002-5026
Telephone: (713) 655-5116
Facsimile: (713) 483-9116

*Counsel for the Defendants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

NATURE AND STAGE OF PROCEEDING ..........................................................................2

SUMMARY OF ARGUMENT .................................................................................................3

STATEMENT OF FACTS ........................................................................................................4

ARGUMENT ..............................................................................................................................4

I.        Counts VI through VIII Are Non-Core ..........................................................................4

II.       Counts I Through V Must Be Finally Adjudicated Only By An Article III Court ..............5

CONCLUSION ..........................................................................................................................9

# **TABLE OF AUTHORITIES**

## **CASES**

In re 431 W. Ponce De Leon, LLC,
    515 B.R. 660 (Bankr. N.D. Ga. 2014) ...............................................................................6

In re Bellingham Insurance Agency, Inc., 702 F.3d 553 (9th Cir. 2012) .......................................7

Beskrone v. OpenGate Capital Group (In re PennySaver USA Publishing, LLC),
    587 B.R. 445 (Bankr. D. Del. 2018) ..................................................................................8

Chorches for Estate of Scott Cable Communications, Inc. v. U.S. Bank National
    Association,
    No. 11-00105 (KJC), 2014 WL 5280002 (Bankr. D. Del. Oct. 15, 2014) ..........................7

Ehleiter v. Grapetree Shores, Inc.,
    482 F.3d 207 (3d Cir. 2007) ...............................................................................................1

Executive Benefits Insurance Agency v. Arkison,
    134 S. Ct. 2165 (2014) .......................................................................................................7

Forman v. Kelly Capital, LLC (In re National Service Industries, Inc.), No. 14-50377
    (MFW),
    2015 WL 3827003 (Bankr. D. Del. June 19, 2015) ............................................................7

Granfinanciera, S.A. v. Nordberg,
    492 U.S. 33 (1989) ..................................................................................................... passim

Kirschner v. Agoglia,
    476 B.R. 75 (S.D.N.Y. 2012) .............................................................................................8

Messer v. Magee (In re FKF 3, LLC), No. 13-CV-3601 (KMK),
    2016 WL 4540842 (S.D.N.Y. Aug. 30, 2016) ...................................................................6

Nickless v. Haws & Mills Street, Inc. (In re Fusco), No. 10-46416-MSH,
    2013 WL 2477268 (Bankr. D. Mass. June 10, 2013) ........................................................6

Official Committee of Unsecured Creditors of Allied Systems Holding. Inc. v. Yucaipa
    American Alliance Fund I, L.P. (In re Allied Systems Holdings, Inc.),
    524 B.R. 598 (Bankr. D. Del. 2015) ..................................................................................5

Official Committee of Unsecured Creditors of Integrated Health Services, Inc. v. Elkins
    (In re Integrated Health Services., Inc.),
    291 B.R. 615 (Bankr. D. Del. 2003) ..................................................................................5

Penson Financial Services, Inc. v. O'Connell (In re Arbco Capital Management, LLP),
    479 B.R. 254 (S.D.N.Y. 2012) ...........................................................................................8

Schubert v. Lucent Technologies Inc. (In re Winstar Commc'ns, Inc.),
    554 F.3d 382 (3d Cir. 2009)...............................................................................5

Shandler v. DLJ Merchant Banking, Inc. (In re Insilco Technologies, Inc.),
    330 B.R. 512 (Bankr. D. Del. 2005) ................................................................1, 5

Stern v. Marshall,
    564 U.S. 462 (2011).............................................................................. passim

TP, Inc., v. Bank of America, N.A. (In re TP, Inc.),
    479 B.R. 373 (Bankr. E.D.N.C. 2012)..................................................................6

Washington Mutual, Inc. v. XL Specialty Insurance Co. (In re Washington Mutual, Inc.),
    No. 08-12229 (MFW),
    2012 WL 4755209 (Bankr. D. Del. Oct. 4, 2012) .................................................5

Weisfelner v. Blavatnik (In re Lyondell Chemical Co.),
    467 B.R. 712 (S.D.N.Y. 2012).............................................................................8

Zazzali v. 1031 Exchange Group (In re DBSI, Inc.),
    467 B.R. 767 (Bankr. D. Del. 2012) ....................................................................8

**STATUTES AND RULES**

28 U.S.C. § 157...........................................................................................................3

28 U.S.C. § 157(b).......................................................................................................4

28 U.S.C. § 157(b)(3) ..................................................................................................4

28 U.S.C. § 157(b)(2)(H).............................................................................................6

Federal Rule of Bankruptcy Procedure 7016(b) .....................................................3, 4

United States Bankruptcy Court for the District of Delaware Local Rule 7012-1 ..........4

## PRELIMINARY STATEMENT[1]

The Complaint in this case contains eight counts. This Court granted the Defendants' motion to compel arbitration of Count VIII of the Complaint for unjust enrichment.[2] (See D.I. 68). The remaining seven Counts assert claims that the Defendants are entitled to have finally adjudicated by an Article III court. The Defendants do not consent to final adjudication of any of these claims by this Court. This Court therefore should enter an order determining that after any hearing on these claims, it will enter proposed findings of fact and conclusions of law for *de novo* review by the district court.

The non-core claims include Counts VI through VIII for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and for unjust enrichment. There is no dispute that such matters are quintessential claims for damages at common law designed solely to augment the estate. They do not arise in or arise under the Bankruptcy Code; could have been brought absent the Debtors' bankruptcy; and hence are non-core matters as to which this Court may only enter proposed findings of fact and conclusions of law absent the parties' consent.[3]

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the *Memorandum Of Law In Support Of Defendants' Motion To Dismiss In Favor Of Arbitration And To Stay The Proceedings* [D.I. 24].

[2] If for any reason an arbitrator determines that this claim should be decided in litigation before this Court, for the reasons described in Section I, *infra*, the Court may enter only proposed findings of fact and conclusions of law with respect to any adjudication of this claim. See Shandler v. DLJ Merch. Banking, Inc. (In re Insilco Techs., Inc.), 330 B.R. 512, 526 (Bankr. D. Del. 2005), aff'd, 394 B.R. 747 (D. Del. 2008) (unjust enrichment claims are not core proceedings because they do not "invoke[] a substantive right provided by title 11, nor could [the] claim arise only in the context of a bankruptcy case.").

[3] This Court denied the Defendants' motion to compel arbitration of Counts VI and VII. (See D.I. 68.) The Defendants are appealing this ruling. It is the Individual Defendants' position that the pending appeal of their motion to compel arbitration of the breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims against them pursuant to Section 16(a) of the Federal Arbitration Act has divested the Court of jurisdiction over those causes of action, and the Individual Defendants reserve all rights in this respect. See Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007). The Defendants continue to believe these Counts should be arbitrated. But in the event this Court's ruling is affirmed on appeal, the Defendants believe such Counts are non-core matters for the reasons described herein that can only be adjudicated on a final basis by the district court.

The remaining counts of the Complaint – Counts I through V – are state and federal fraudulent transfer claims that seek avoidance of certain intercompany obligations and recovery of payments on such obligations to the Corporate Defendants. Like Counts VI through VIII, the Supreme Court has held that fraudulent transfer claims are quintessential claims for damages at common law designed solely to augment the estate. While fraudulent transfer claims are statutory core claims under the Bankruptcy Code, Supreme Court precedent is clear they nonetheless must be finally adjudicated by an Article III court where, as here, the defendants have not filed any proofs of claim against the estate and do not consent to final adjudication by a non-Article III court.

## **NATURE AND STAGE OF PROCEEDING**

On December 15, 2017, the Trust filed this adversary proceeding. (See D.I. 1.) The Complaint alleges the following claims:

- actual and constructive fraudulent transfer and recharacterization of debt as equity against Noble and certain of its subsidiaries (Counts I through V);

- breach of fiduciary duty against two former Paragon directors (Count VI);

- aiding and abetting breach of fiduciary duty against certain current and former Noble directors (Count VII); and

- unjust enrichment against Noble and certain of its subsidiaries (Count VIII).

The Defendants moved to dismiss the Trust's claims for breach of fiduciary duty, aiding and abetting, and unjust enrichment in favor of arbitration and to stay the proceedings in

the bankruptcy court pending arbitration (D.I. 23) based on the broad arbitration clause in the agreements governing the Spin-Off.

On August 6, 2018, the Court issued its Opinion compelling arbitration of the unjust enrichment claim against the Corporate Defendants, but declining to compel arbitration of the breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims against the Individual Defendants. The Court also denied the motion to stay pending arbitration. On August 20, 2018, the Defendants filed their notice of appeal with respect to the Court's decision (D.I. 69).

Pursuant to the Scheduling Order entered by the Court (D.I. 56), the Defendants are required to file a motion pursuant to Federal Rule of Bankruptcy Procedure 7016(b) no later than 45 days after entry of the order lifting the stay of proceedings that had been imposed while the Court considered the Defendants' motion to compel arbitration (*i.e.*, September 20, 2018).

## SUMMARY OF ARGUMENT

1. Pursuant to 28 U.S.C. § 157, this Court must submit proposed findings of fact and conclusions of law to the district court with respect to the statutorily non-core claims asserted as Counts VI through VIII of the Complaint.

2. Pursuant to Article III of the U.S. Constitution, this Court must submit proposed findings of fact and conclusions of law to the district court with respect to Counts I through V of the Complaint. See Stern v. Marshall, 564 U.S. 462 (2011); Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989).

## STATEMENT OF FACTS[4]

Prior to plan confirmation, the Defendants' role in Paragon's bankruptcy cases was limited. None of the Defendants filed a proof of claim in Paragon's bankruptcy case. Paragon's plan specifically provides that it does not affect the Defendants' rights and defenses in this litigation. (See D.I. 67 at 18-19.)

The Defendants have not consented to the bankruptcy court's adjudicatory authority in this litigation, citing Local Rule 7012-1 where applicable. (See D.I. 18, 20.) The Defendants have also never consented to the bankruptcy court's entry of a final judgment on any non-core matters. The Defendants are timely filing this motion pursuant to Rule 7016(b) and 28 U.S.C. § 157(b)(3), consistent with the deadline established in the scheduling order entered by the Court. (See D.I. 56 ¶ 3.)

## ARGUMENT

### I.   Counts VI through VIII Are Non-Core.

Count VI of the Complaint asserts that certain individuals, directors of Paragon, breached their fiduciary duties to Paragon's creditors. (See D.I. 1.) Count VII asserts that certain individuals, directors of Noble, aided and abetted the breach of fiduciary duties by Paragon's directors. (See id.) Count VIII asserts that the Corporate Defendants have been unjustly enriched. (See id.) None of these claims is identified as statutory core proceedings in 28 U.S.C. § 157(b). Under Third Circuit law, a claim nonetheless may be core if "it invokes a substantive right provided by title 11 or . . . if it is a proceeding, that by its nature, could arise

---

[4]   The Defendants limit the facts set forth herein to those necessary for consideration of this motion, which can largely be resolved as a matter of law. For a deeper explanation of the facts underlying the adversary proceeding, the Defendants refer the Court to the *Memorandum Of Law In Support Of Defendants' Motion To Dismiss In Favor Of Arbitration And To Stay The Proceedings* [D.I. 24].

only in the context of a bankruptcy case." Schubert v. Lucent Techs. Inc. (In re Winstar Commc'ns, Inc.), 554 F.3d 382, 405 (3d Cir. 2009) (citation omitted).

Claims for breach of fiduciary duty and aiding, abetting breach of fiduciary duty, and unjust enrichment do not invoke any substantive rights provided by title 11. Nor are they claims that, by their nature, could arise only in the context of a bankruptcy case. See Official Comm. of Unsecured Creditors of Allied Sys. Holding. Inc. v. Yucaipa Am. Alliance Fund I, L.P. (In re Allied Sys. Holdings, Inc.), 524 B.R. 598, 606 (Bankr. D. Del. 2015) (Sontchi, J.) ("[T]he overwhelming majority of courts in this district and other districts conclude that breach of fiduciary claims do not involve the application of bankruptcy law, are ordinary state law causes of action, and could proceed outside the bankruptcy court."); Shandler v. DLJ Merch. Banking, Inc. (In re Insilco Techs., Inc.), 330 B.R. 512, 526 (Bankr. D. Del. 2005) (unjust enrichment claims are non-core); see also Washington Mut., Inc. v. XL Specialty Ins. Co. (In re Washington Mut., Inc.), No. 08-12229 (MFW), 2012 WL 4755209, at *2 (Bankr. D. Del. Oct. 4, 2012); Official Comm. of Unsecured Creditors of Integrated Health Servs., Inc. v. Elkins (In re Integrated Health Servs., Inc.), 291 B.R. 615, 618 (Bankr. D. Del. 2003).

As a result, Counts VI through VIII are non-core. This Court therefore may only enter proposed findings of fact and conclusions of law with respect to these claims.

**II.    Counts I Through V Must Be Finally Adjudicated Only By An Article III Court.**

Counts I and II seek to avoid certain intercompany obligations from Paragon to Noble and the payments on such obligations as actual fraudulent transfers under state and federal law. Alternatively, Counts III and IV seek to avoid such intercompany obligations and the payments on such obligations as constructively fraudulent transfers under state and federal law. As another alternative, Count V seeks to re-characterize the intercompany obligations as equity

5

contributions and the related payments as dividends that should be recovered as constructively fraudulent transfers.[5] An action to recover a fraudulent transfer is a statutory core proceeding under 28 U.S.C. § 157(b)(2)(H). Counts I through V therefore are statutory core matters.

However, in Granfinanciera, S.A. v. Nordberg, the Supreme Court held that "[t]here can be little doubt that fraudulent conveyance actions by bankruptcy trustees . . . are quintessentially suits at common law . . . [and] therefore appear matters of private rather than public right." 492 U.S. 33, 56 (1989). A defendant in a fraudulent conveyance action brought by a bankruptcy trustee therefore is entitled by the Seventh Amendment to the U.S. Constitution to have the action tried before a jury. The Supreme Court affirmed this principle in Stern v. Marshall: "Congress could not constitutionally assign resolution of the fraudulent conveyance action to a non-Article III court." 564 U.S. 462, 492 n.7 (2011).

> Indeed, our decisions point to the conclusion that, if a statutory cause of action is legal in nature, the question whether the Seventh Amendment permits Congress to assign its adjudication to a tribunal that does not employ juries as factfinders requires the same answer as the question whether Article III allows Congress to assign adjudication of that cause of action to a non-Article III tribunal. For if a statutory cause of action, such as respondent's right to recover a fraudulent conveyance under 11 U.S.C. § 548(a)(2), is not a "public right" for Article III purposes, then Congress may not assign its adjudication to a specialized non-Article III court lacking "the essential attributes of the judicial power."

Granfinanciera, 492 U.S. at 53 (citation omitted).

---

[5] Whether an action by a debtor to re-characterize a debt claim asserted against the estate is core or non-core, or a matter that can only be adjudicated by an Article III court, can be debated. See Nickless v. Haws & Mills St., Inc. (In re Fusco), No. 10-46416-MSH, 2013 WL 2477268, at *6 (Bankr. D. Mass. June 10, 2013) (debt recharacterization claim is a Stern claim unless it necessarily would be resolved in the claims allowance process); TP, Inc., v. Bank of Am., N.A. (In re TP, Inc.), 479 B.R. 373, 387 (Bankr. E.D.N.C. 2012) (same); see also Messer v. Magee (In re FKF 3, LLC), No. 13-CV-3601 (KMK), 2016 WL 4540842, at *13 (S.D.N.Y. Aug. 30, 2016) (same); In re 431 W. Ponce De Leon, LLC, 515 B.R. 660, 684 (Bankr. N.D. Ga. 2014) (same). But that is not what the Litigation Trust seeks here. Count V instead is another fraudulent conveyance count, premised on a theory that is an alternative to the theories in Counts I through IV. Whereas Counts I through IV presume the validity of the intercompany obligations but seeks their avoidance, Count V seeks to recast the obligations as equity contributions so that the payments thereon can be characterized as dividends for which no reasonably equivalent value was provided.

Subsequent to these decisions, the Supreme Court has held that a so-called "Stern claim," i.e., a statutory core claim that nonetheless must be finally adjudicated by an Article III Court, can be heard by a bankruptcy court, but only if the court enters proposed findings of fact and conclusions of law for *de novo* consideration by the district court unless the parties consent to the bankruptcy court's final adjudication of the matter. See Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165 (2014). Courts have followed these principles in ruling that defendants in fraudulent conveyance actions brought by a bankruptcy estate representative are entitled to have the action finally adjudicated by an Article III court where, as here, the defendants have not filed proofs of claim in the bankruptcy case and have not consented to final adjudication by the bankruptcy court.

For example, in In re Bellingham Ins. Agency, Inc., the Ninth Circuit Court of Appeals held that defendants in fraudulent conveyance actions are entitled to final adjudication by an Article III court. 702 F.3d 553 (9th Cir. 2012). The Bellingham court reasoned that in Stern, the Supreme Court "fully equated bankruptcy litigants' Seventh Amendment right to a jury trial in federal bankruptcy proceedings with their right to proceed before an Article III judge." Id. at 563; Stern, 564 U.S. at 492, 496-97. Judge Walrath has also held that she could not enter a final order in a fraudulent transfer or breach of fiduciary claim absent consent unless the action implicated a proof of claim. See Forman v. Kelly Capital, LLC (In re Nat'l Serv. Indus., Inc.), No. 14-50377 (MFW), 2015 WL 3827003, at *2 (Bankr. D. Del. June 19, 2015); cf. Chorches for Estate of Scott Cable Commc'ns, Inc. v. U.S. Bank Nat'l Ass'n, No. 11-00105 (KJC), 2014 WL 5280002, at *4 (Bankr. D. Del. Oct. 15, 2014) (Carey, J.) (entry of final order on fraudulent transfer claim does not run afoul of Stern because creditor filed a proof of claim).

New York courts have adopted the same approach.  See, e.g., Weisfelner v. Blavatnik (In re Lyondell Chem. Co.), 467 B.R. 712, 721 n.7 (S.D.N.Y. 2012) (noting "consensus" among New York judges that fraudulent transfer claims are Stern claims); see also Kirschner v. Agoglia, 476 B.R. 75 (S.D.N.Y. 2012) (Rakoff, J.); Penson Fin. Servs., Inc. v. O'Connell (In re Arbco Capital Mgmt., LLP), 479 B.R. 254 (S.D.N.Y. 2012) (Oetken, J.).  These decisions all reject arguments that Granfinanciera is only a "Seventh Amendment case" and is inapplicable in an Article III context:

> Stern thus leaves no room for a fraudulent conveyance claim that is somehow a matter of private right in a Seventh Amendment context, but a matter of public right in an Article III context.  Simply put, fraudulent conveyance claims in Stern and Granfinanciera are matters of either public or private right; they cannot be both.

Lyondell, 467 B.R. at 722; see Kirschner, 476 B.R. at 80 ("To now conclude that the very claim presented in Granfinanciera—a fraudulent conveyance claim—is a 'public rights' claim would be totally at odds with the Stern Court's analogy to Granfinanciera."); Arbco, 479 B.R. at 266 ("Granfinanciera makes clear that the analysis with respect to a defendant's right under the Seventh Amendment to a jury trial translates to the Article III context . . . .").

Judge Walsh has issued a contrary ruling.  See Zazzali v. 1031 Exch. Grp. (In re DBSI, Inc.), 467 B.R. 767, 772 (Bankr. D. Del. 2012) (finding bankruptcy court had authority to enter final judgment on avoidance claims).[6]  With greatest respect, however, that decision cannot be squared with the Supreme Court's statements in Stern.  If a fraudulent conveyance is

---

[6] This Court has also uncontroversially held that it could enter final judgment on fraudulent transfer claims in a case where the defendants had filed proofs of claim.  See Beskrone v. OpenGate Capital Group (In re PennySaver USA Publishing, LLC), 587 B.R. 445, 450 n.2 (Bankr. D. Del. 2018) (Sontchi, J.).  However, the Defendants in this case have not filed proofs of claim and therefore retain their right to an Article III adjudication.  To the extent that the Court's decision in PennySaver rested on grounds other than the filing of a proof of claim, the Defendants respectfully submit that such holding cannot be reconciled with the Supreme Court's decisions in Stern and Granfinanciera.

8

considered a private suit at common law for purposes of a defendant's Seventh Amendment right to a jury trial, then it should be considered a private suit at common law for purposes of a defendant's right to have the matter finally adjudicated by an Article III court.  This Court therefore respectfully should follow the considered weight of authority that has adopted this line of reasoning.

## **CONCLUSION**

For all the foregoing reasons, the Defendants respectfully request that the Court enter an order determining that it will submit proposed findings of fact and conclusions of law to the district court on Counts I through VIII of the Complaint.

Dated:  September 20, 2018
        Wilmington, Delaware

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Anthony W. Clark*
Anthony W. Clark (ID: 2051)
Stephen J. Della Penna (ID: 6103)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone:  (302) 651-3000
Facsimile:  (302) 651-3001

- and -

George A. Zimmerman *(admitted pro hac vice)*
Lauren E. Aguiar *(admitted pro hac vice)*
Four Times Square
New York, New York 10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

- and –

Wallis M. Hampton *(admitted pro hac vice)*

1000 Louisiana Street, Suite 6800
Houston, Texas 77002-5026
Telephone:  (713) 655-5116
Facsimile:   (713) 483-9116

*Counsel for the Defendants*