# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PARAGON OFFSHORE PLC, | Bankr. Case No. 16-10386 (CSS) |
| Debtor. | |
| PARAGON LITIGATION TRUST, | |
| Plaintiff, | |
| v. | |
| NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD, NOBLE CORPORATION, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.à r.l., NOBLE HOLDING INTERNATIONAL (LUXEMBOURG NHIL) S.à r.l., NOBLE FDR HOLDINGS LIMITED, MICHAEL A. CAWLEY, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, and DAVID WILLIAMS, | Adv. Proc. No. 17-51882 (CSS) |
| Defendants. | |

**STIPULATION CONCERNING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DEFENDANTS TO PRODUCE DOCUMENTS <u>IMPROPERLY WITHHELD ON PRIVILEGE GROUNDS</u>**

1. This stipulation (the "<u>Stipulation</u>") is entered into between plaintiff Paragon Litigation Trust (the "<u>Plaintiff</u>") and defendants Noble Corporation plc ("<u>Noble</u>"), Noble Corporation Holdings Ltd., Noble Corporation, Noble Holding International (Luxembourg) S.á.r.l., Noble Holding International (Luxembourg NHIL) S.á.r.l., Noble FDR Holdings Limited, Michael A. Cawley, Julie H. Edwards, Gordon T. Hall, Jon A. Marshall, James A. MacLennan,

Mary P. Ricciardello, Julie J. Robertson, and David W. Williams (collectively, "Defendants" and together with Plaintiff, the "Parties"), by and through their respective undersigned counsel.[1]

## RECITALS

2. On August 24, 2018, the Plaintiff filed a Motion for an Order Compelling Defendants to Produce Documents Improperly Withheld on Privilege Grounds (the "Motion to Compel") against Defendants.  [A.D.I. 75]

3. After discussions, the Parties have reached an agreement to resolve the Motion to Compel.

4. Accordingly, Plaintiff adjourns the Motion to Compel (a) pending Defendants' timely performance of their obligations under the Stipulation and (b) subject to Plaintiff's right to challenge Defendants' continued withholding of any document sought in the Motion to Compel in accordance with Paragraph 10 herein.

## TERMS OF AGREEMENT

WHEREAS, the Parties have agreed as follows:

5. By October 2, 2018, Defendants will produce all documents from the privilege logs that were created between April 1, 2013 and August 1, 2014 relating to[2] the Spin-Off[3] or to

---

[1] In submitting this Stipulation, Defendants do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[2] "Relating to" or "relate to" means, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

[3] "Spin-Off" means any contemplated or actual event, activity, or process relating to Noble's separation and spin off of standard specification assets to Paragon Offshore, plc ("Paragon") or any other debtor in *In re Paragon Offshore PLC*, Bankr. Case No. 16-10386 (CSS).

the Paragon Business.[4] Notwithstanding the above, and subject to Paragraphs 6 through 9 below, Defendants will not produce documents from the privilege logs created between April 1, 2013 and August 1, 2014 that include only a peripheral discussion of the Paragon Business (*e.g.*, general discussions of the standard specification business in Noble's draft SEC disclosures such as 10-Qs or proxy statements).

6. By October 2, 2018, Defendants will produce all documents included on the privilege logs that were both: (a) created on or after December 13, 2013; and (b) sent or received by one or more members of the senior leadership team of Paragon and its affiliates, including without limitation Lee Ahlstrom, Steven Donley, Todd McElreath, Randall Stilley, Todd Strickler, and Andrew Tietz.

7. By October 2, 2018, Defendants will produce all documents included on the privilege logs that were both: (a) created between December 13, 2013 and August 1, 2014; and (b) sent or received by James MacLennan.

8. Defendants will provide amended privilege logs describing the communications created between April 1, 2013 and August 1, 2014 that they continue to withhold as privileged. The amended descriptions shall indicate the (a) nature of the document communication withheld (*e.g.*, email, memorandum), (b) its author/sender and all recipients, (c) the date of the communication, (d) the nature of the privilege or other protection being asserted to withhold the communication, and (e) a description of the subject matter of the communication sufficient to demonstrate that it does not relate to the Spin-Off or to the Paragon Business. Plaintiff

---

[4] "Paragon Business" means the business, operations, and activities of the standard specification assets that were separated and spun off into Paragon Offshore, plc. ("Paragon") or any other debtor in *In re Paragon Offshore PLC*, Bankr. Case No. 16-10386 (CSS).

reserves the right to request more detailed descriptions of the communications that Defendants continue to withhold as privileged, and, if necessary, to move to compel more detailed descriptions pursuant to Paragraph 9 below.

9. Plaintiff reserves its right to challenge the privilege designation of any communications created between April 1, 2013 and August 1, 2014 that Defendants continue to withhold. Should Plaintiff decide to challenge the continued withholding of a communication, the procedure for resolving such challenge shall be as follows:

    A. Plaintiff shall advise Defendants of any communications for which it either demands more detailed descriptions or intends to move to compel their production.

    B. Defendants shall have five (5) business days to respond to Plaintiff's request for production or more detailed descriptions.

    C. Should Defendants decline to provide more detailed descriptions or produce the challenged communications, or should Defendants' detailed descriptions not demonstrate to Plaintiff's satisfaction that the challenged communications are not relevant, Plaintiff may file a motion to compel with respect to the challenged communications. Plaintiffs may request an *in camera* review of the challenged communications.

    D. Defendants shall file any response to the motion to compel within eight (8) business days.

    E. Plaintiff shall file any reply in support of the motion to compel within three (3) business days.

10. Plaintiff agrees that any production of privileged documents that do not relate to the Spin-Off or the Paragon Business (a) shall be deemed to be inadvertent, (b) is without prejudice, and (c) will not constitute a waiver of any applicable privilege. Notwithstanding

Defendants' assertion of any applicable privilege with respect to any produced document, the document may be used by Plaintiff in this proceeding until and unless the Court has sustained Defendants' assertion of the privilege of the document or documents in question, but Plaintiff agrees that such use shall not constitute a waiver of any applicable privilege.

[SIGNATURE PAGE FOLLOWS]

Dated:  September 25, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Anthony W. Clark*
Anthony W. Clark (No. 2051)
Stephen J. Della Penna (No. 6103)
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

– and –

George A. Zimmerman (*admitted pro hac vice*)
Lauren E. Aguiar (*admitted pro hac vice*)
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Wallis M. Hampton (*admitted pro hac vice*)
1000 Louisiana Street, Suite 6800
Houston, Texas 77002-5026
Telephone: (713) 655-5116

*Counsel for Defendants*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Pauline K. Morgan (No.3650)
Joel A. Waite (No. 2925)
Jaime Luton Chapman (No. 4936)
Michael S. Neiburg (No. 5275)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Fax: (302) 571-1253
Email: pmorgan@ycst.com
mneiburg@ycst.com

– and –

JONES DAY
Bruce Bennett
Sidney P. Levinson
James O. Johnston
555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Fax: (213) 243-2539
Email: bbennett@jonesday.com
slevinson@jonesdy.com
jjohnston@jonesday.com

– and –

Jennifer L. Del Medico
Genna L. Ghaul
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: jdelmedico@jonesday.com
gghaul@jonesday.com

– and –

Gregory M. Shumaker
David S. Torborg
51 Louisiana Ave., N.W.
Washington, DC 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  gmshumaker@jonesday.com
dstorborg@jonesday.com

*Counsel to Paragon Litigation Trust*