# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>PARAGON OFFSHORE PLC,<br><br>        Debtor. | Chapter 11<br><br>Bankr. Case No. 16-10386 (CSS) |
| PARAGON LITIGATION TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD, NOBLE CORPORATION, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.à r.l., NOBLE HOLDING INTERNATIONAL (LUXEMBOURG NHIL) S.à r.l., NOBLE FDR HOLDINGS LIMITED, NOBLE HOLDING INTERNATIONAL LIMITED, NOBLE HOLDING (U.S.) LLC, NOBLE INTERNATIONAL FINANCE COMPANY, MICHAEL A. CAWLEY, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, and DAVID WILLIAMS,<br><br>        Defendants. | Adv. Proc. No. 17-51882 (CSS) |

## ORDER COMPELLING MEDIATION

WHEREAS during the July 21, 2020 telephonic status conference (the "Status Conference"), the Court informed the parties to the above-captioned adversary proceeding that he is ordering mediation ("Mediation");

WHEREAS the above-captioned plaintiff ("Plaintiff") and defendants ("Defendants," and collectively with Plaintiff, the "Parties") both stated to the Court at the Status Conference that they are amenable to Mediation;

WHEREAS former bankruptcy judge Kevin Gross, who is currently a director at Richards, Layton, and Finger P.A., has agreed to serve as the mediator (the "Mediator");

WHEREAS the Parties have agreed to waive any conflicts that might preclude Mr. Gross from serving as the Mediator;

WHEREAS time is of the essence and the Parties indicated that the Mediation should occur as quickly as possible;

WHEREAS participation of the Defendants' Side A, Side B, and Side C insurance carriers ("Insurance Carriers," and together with the other Parties, the "Mediation Parties") in the Mediation is necessary;

WHEREAS this Court, having determined that good and adequate cause exists for the Mediation, it is hereby

**ORDERED that:**

1. The Mediation Parties shall participate in Mediation in accordance with this Order.

2. The Insurance Carriers are ordered to participate in the Mediation and a Notice of this Order shall be delivered to the Defendants' Insurance Carriers by email.

3. The Mediator shall determine the process and procedures for the Mediation. The Mediation Parties shall make representative(s) available on the Mediator's schedule to facilitate such process.

       4.       The Mediator's costs shall be split evenly between the Plaintiff and Defendants.

       5.       The Mediation shall occur as soon as practicable.  Subject to the Mediator's availability, the Mediation Parties shall use their best efforts to complete mediation of the case by July 30.

       6.       Confidentiality of Mediation proceedings.  The terms of this paragraph, in addition to any terms set forth by the Mediator or any prior order or stipulation governing the exchange of information previously entered in the above-captioned cases, shall govern the confidentiality of information exchanged between the Mediation Parties during the course of the Mediation: (a) All discussions, mediation statements, documents, offers, counteroffers or information provided to the Mediator or the Mediation Parties in the course of the Mediation shall be treated as confidential, (b) subject to the exception below for information otherwise discoverable or admissible.  As such, subject to the aforementioned exception, all information exchanged between the Mediation Parties or provided to the Mediator during the course of the Mediation shall (i) be strictly confidential and not subject to discovery (including any requests made under the Federal Freedom of Information Act) and (ii) shall not be admissible in any judicial or administrative proceeding.  Neither a Mediation Party nor a person who receives access to materials covered by the Order shall in any way disclose to any non-party or to any court, in any pleading or other submission to any court, any such discussion, mediation statement, or other document or information, correspondence, offer, or counteroffer that is provided in connection with the Mediation.  Nothing herein shall preclude discovery of material or affect the admissibility of material that was not created for purposes of the Mediation but is

used in connection with the Mediation to the extent such material is otherwise subject to disclosure.

7. Any confidential documents used or submitted in the Mediation shall be clearly marked "Mediation Confidential" and any party holding documents so marked by another party shall destroy all copies of "MEDIATION CONFIDENTIAL" documents within 30 days after the Mediator's determination that the Mediation has concluded.

8. Consistent with the foregoing and with Del. Bankr. L.R. 9019-5(d)(i), the Mediator and the participants in the Mediation are prohibited from divulging, outside of the Mediation, any oral or written information disclosed by the parties in the course of the Mediation. With the exception of any settlement agreement reached during or as a result of the Mediation and signed by the Mediation Parties (the memorialization of which is expressly not confidential), no person may rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to any aspect of the Mediation effort, including but not limited to: (A) views expressed or suggestions made by a party with respect to a possible settlement of the dispute; (B) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator; (C) proposals made or views expressed by the Mediator; (D) statements or admissions made by a party in the course of the Mediation; and/or (E) documents prepared for the purpose of, in the course of, or pursuant to the Mediation. In addition, without limiting the foregoing, Rule 408 of the Federal Rules of Evidence, any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediations, or other alternative dispute resolution procedures shall apply. Information otherwise discoverable or admissible in evidence does not

become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the Mediation.

9. Notwithstanding the possible application of any bankruptcy rules, or otherwise, this Order shall be in full force and effect immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from, in connection with, or related to the implementation or interpretation of this Order.

_____
Christopher S. Sontchi
Chief United States Bankruptcy Judge

Date: July 22, 2020