## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PARAGON OFFSHORE PLC,<br><br>    *Debtor.* | Chapter 11<br><br>Bankr. Case No. 16-10386 (CSS) |
| PARAGON LITIGATION TRUST,<br><br>    *Plaintiff*,<br><br>  v.<br><br>NOBLE CORPORATION PLC, NOBLE CORPORATION HOLDINGS LTD., NOBLE CORPORATION, NOBLE HOLDING INTERNATIONAL (LUXEMBOURG) S.à r.l., NOBLE HOLDING INTERNATIONAL (LUXEMBOURG NHIL) S.à r.l., NOBLE FDR HOLDINGS LIMITED, MICHAEL A. CAWLEY, JULIE H. EDWARDS, GORDON T. HALL, JON A. MARSHALL, JAMES A. MACLENNAN, MARY P. RICCIARDELLO, JULIE J. ROBERTSON, and DAVID WILLIAMS,<br><br>    *Defendants*. | Adv. Pro. No. 17-51882 (CSS) |

**ORDER GRANTING THE PARAGON LITIGATION TRUST'S MOTION FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT AMONG THE PARAGON LITIGATION TRUST, THE NOBLE DEFENDANTS, AND THE D&O DEFENDANTS**

Upon the motion (the "Motion") of the Paragon Litigation Trust (the "Trust") for entry of an order (this "Order") approving the settlement among the Trust, the Noble Defendants, and the D&O Defendants (collectively, the "Parties"), as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Trust's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having found that the terms contained in the Settlement Agreement are fair and reasonable; and this Court having found that the settlement is the result of the Parties' good faith efforts to mediate and resolve their disputes; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at any hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and/or at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The settlement, including all of the terms and conditions set forth in the Settlement Agreement, is fair, reasonable and in the best interests of the Trust's beneficiaries; therefore, the settlement is approved in all respects.

3. The Trust is authorized and directed to perform all obligations under the settlement.

4. The Trust is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. After giving effect to the release contained in the Settlement Agreement, no party-in-interest (including any shareholder, creditor or other stakeholder of the Debtors) possesses any actions, causes of actions, suits, settlements, judgments, debts, allegations, demands, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, extents, executions, claims and demands whatsoever, in law or in equity, whether known or unknown, in whole or in part, directly or

indirectly, causally-connected to, arising out of, in connection with or related to the Action (as defined in the Settlement Agreement) including any of the allegations asserted or that could have been asserted therein or with respect to the spin-off of Paragon by Noble which may be asserted against the Defendant Released Parties (as defined below).

6. The Noble Defendants and the D&O Defendants and each of their respective past, present and future heirs, executors, estates, directors, officers, trustees, employees, volunteers, principals, agents, parents, subsidiaries, affiliates, customers, successors, predecessors, shareholders, partners, insurers, attorneys, accountants, investment bankers, brokers, representatives and assigns (collectively, the "Defendant Released Parties") are released by all parties-in-interest (including the Trust or any shareholder, creditor, or other stakeholder of the Debtors) of all actions, causes of actions, suits, settlements, judgments, debts, allegations, demands, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, extents, executions, claims and demands whatsoever, in law or in equity, whether known or unknown, in whole or in part, directly or indirectly, causally-connected to, arising out of, in connection with or related to the Action (as defined in the Settlement Agreement) including any of the allegations asserted or that could have been asserted therein or with respect to the spin-off of Paragon by Noble.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.